J. C. FRYE *vs.* JOHN H. PARKER.

Waldo.    Opinion February 4, 1892.

*Limitations. Promissory Notes. R. S., of 1871, c. 81, § 99; Stat. 1885, c. 376. Pub. Stat. Mass. 1880, c. 197.*

Notes of hand not witnessed, in which the defendant is payor and the plaintiff payee, that have run before suit brought upon them for more than six years since they became due, are not barred by the statute of limitations, the parties never having lived in this State nor in the same State, territory or country for any time since the notes were given.

ON EXCEPTIONS.

This was an action of assumpsit on two promissory notes dated Boston, April 17, 1883, given by the defendant to the plaintiff, who were then and ever since have been non-residents of this State. The plaintiff resides in Massachusetts and the defendant in Missouri. Defendant's property was attached in Waldo county, and personal service of the writ was made on him. The case was tried before the presiding justice with the right to except. The only defense made was the statute of limitations. The presiding justice gave judgment for the plaintiff, and the defendant excepted.

*W. P. Thompson*, for plaintiff.

Jurisdiction: *Allen* v. *Caspari*, 80 Maine, 236.

Limitations: R. S., c. 81, § 103; *Sweet* v. *Brackley*, 53 Maine, 346; *Thompson* v. *Reed*, 75 *Id.* 406; *McCann* v. *Randall*, 147 Mass. 83; *Chemung Canal Bank* v. *Lowery*, 93 U. S. 72.

*J. H. and C. O. Montgomery*, for defendant.

Limitations: *McKenzie* v. *Wardwell*, 61 Maine, 136; *Trafton* v. *Hill*, 80 *Id.* 503; *Drew* v. *Drew*, 37 *Id.* 389.

*Thompson* v. *Reed*, 75 Maine, 404, leaves us to infer plaintiff was a resident of this State from 1875, to commencement of the action. *Hapgood* v. *Watson*, 65 Maine, 510, shows plaintiff a resident of this State when action was commenced and defendant a resident when note was made. *Hacker* v. *Everett*, 57 Maine, 548, shows plaintiff a resident of Maine, and defendant a resident of New Brunswick. In *Brown* v. *Nourse*, 55 Maine, 230, we are left to infer that defendant was resident of the State at making of note and moved out of the State afterwards. *Keyes* v. *Winter*, 54 Maine, 399, defendant was absent from State from date of note to 1865. *Peyret* v. *Coffee*, 48 Maine, 319, defendant left the State a few days after note was given and did not return until within two days before action commenced.

*Byrne* v. *Crowninshield*, 17 Mass. 55, defendant pleaded the statute of limitations of New York in Massachusetts court. *Wilson* v. *Appleton*, 17 Mass. 179, plaintiff was a foreigner. *Bulger* v. *Roche*, 11 Pick. 35, plaintiff and defendant were

foreigners.  *Putnam* v. *Dike*, 13 Gray, 535, is a meager case
but leaves us to infer the plaintiff became an inhabitant of the
State at some time probably before the six years had expired.

The legislature intended that non-resident creditors shall not
be entitled to the saving clause of the statute, as an exception
is made in favor of creditors without the limits of the United
States when the cause of action accrues.  R. S., ch. 81, § 88.
Allowing the inference, that if creditors reside in a state other
than where the action is brought, the statute will apply.   *Whit-
ney* v. *Goddard*, 20 Pick. 304.   Applying this inference, the
saving clause would not re-instate the rights of a non-resident
creditor who always has been such and so declares himself.
For the constitution of the United States not only entitles the
citizens of each state to all the privileges, but also to all the
immunities of citizens in the several states.   Therefore, when
the creditor invokes the saving clause of the statute that the
debtor has not lived in the state when the action is brought, the
necessary six years, the debtor may reply, the creditor has not
been there to receive his pay.   The general policy of the law
requires the debtor to seek the creditor to pay his debt.   It
should not oblige him to live six years in every State in the
Union before acquiring the right to the statute of limitation
against a non-resident creditor.

Under these circumstances, the plaintiff cannot take advan-
tage of the saving clauses of the statute, that of the absence of
the defendant from this State at the time the action on the notes
accrued, or was absent from the State after it accrued.   That
law was passed for citizens of this State, not for strangers.
Not for absent creditors.

Counsel also cited : *Beardsley* v. *Southmayd*, 3 N. J. L.
(Green,) 171, approved in *Bank* v. *Lowery*, 93 U. S. 72 ;
*Associates Jersey Co.* v. *Davison*, 5 Dutch. 424.

PETERS, C. J.   The question of the case is whether notes of
hand, dated in Boston, Massachusetts, in 1883, not witnessed, on
a few months time, running from defendant to plaintiff, neither
party now or ever residing in this State, the defendant being person-
ally in this State in June, 1890, when the writ in this case was

served on him, — are barred by the statute of limitations or not. It may be added, as a part of the statement of facts, that since 1844, the parties have resided in different states, one in Massachusetts and the other in Missouri.

The question has been settled in the negative in the case, essentially like this, of *Thompson* v. *Reed*, 75 Maine, 404. The statute as it stood when that case was decided read thus : " If a person is out of the State when a cause of action accrues against him, the action may be commenced within the time limited therefor after he comes into the State." R. S., 1871, c. 81, § 99. These words have a clear meaning.

Then a further question arises whether the amendment of our limitations act passed in 1885, alters this construction. We think not. The amendment reads thus : " No action shall be brought by any person whose cause of action has been barred by the laws of any state, territory or country while all the parties have resided therein." Stat. 1885, c. 376. This language is too plain to be misunderstood. The parties must reside in the same state at the same time. These parties have not so resided either in Maine, Massachusetts, Missouri or elsewhere.

The statute of Massachusetts, passed in 1880, (Pub. Stat. Mass. 1880, c. 197) differs from ours, but does not influence the question here. Counsel for defendant cites cases in support of his position, but they are not authorities in this State, and are contrary to our laws and decisions on the subject.

*Exceptions overruled.*

WALTON, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.