David F. BURLEY, Sr., Plaintiff,

v.

GENERAL MOTORS CORPORATION, et al., Defendants.

Civ. No. 85–0387–P.

United States District Court, D. Maine.

Dec. 17, 1986.

Richard P. Romeo, Saco, Me., for plaintiff.

Harold Friedman, Friedman & Babcock, Portland, Me., Richard P. Campbell, James M. Campbell, Thomas J. Schlesinger, Boston, Mass., for defendant General Motors.

John R. Linnell, Linnell, Choate & Webber, Auburn, Me., for defendant Southgate.

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT

GENE CARTER, District Judge.

On December 15, 1979, Plaintiff, a Maine resident, was involved in an automobile accident in Newbury, Massachusetts; Plaintiff was driving an automobile manufactured by Defendant General Motors Corporation and leased for Plaintiff's use from Defendant Southgate Leasing Corporation. General Motors is a Delaware corporation with its principal place of business in Michigan; Southgate Leasing Corporation is a Wisconsin corporation with its principal place of business in Wisconsin. The car used by the Plaintiff was registered and titled in Maine with the knowledge of Southgate Leasing, and was used by the Plaintiff in his capacity as a district sales manager in the states of Maine, New

Hampshire and Vermont. Plaintiff also used the car to drive to Massachusetts' Logan Airport when air travel was necessary, and this lawsuit arises out of an injury that occurred during Plaintiff's return from Logan Airport to Maine. Plaintiff has alleged that the seatbelt in the car was defective and has alleged negligence, strict liability, and breach of warranty.

The Defendants have moved for dismissal and/or summary judgment, contending that Massachusetts law should apply and that, therefore, the action is barred under the Massachusetts statute of limitations. In addition, the Defendants argue that even if Maine procedural law applies, this Court should find that Massachusetts substantive law applies and under such law should dismiss Counts II and V of Plaintiff's complaint. After careful consideration, however, this Court finds that Maine law should govern both the procedural and substantive aspects of this case.

■ In a diversity case, a federal court must apply the choice-of-law rules of the state in which it sits. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941). The Maine Supreme Judicial Court has clearly stated that the forum state should apply its own statute of limitations, subject only to two well established exceptions. *Ouellette v. Sturm, Ruger & Co.*, 466 A.2d 478, 482 (Me.1983); *see Hossler v. Barry*, 403 A.2d 762, 765 (Me.1979). The present case does not fall under either exception [1] and, therefore, the Maine statute of limitations must apply.

---

1. In *Hossler v. Barry*, the court said:
   Two exceptions to this general rule have been recognized, one statutory and the other common law. To prevent forum shopping and the interminable tolling of the statute of limitations, borrowing statutes have been enacted the effect of which, when applicable, is to enable the forum to borrow and use the statute of limitations of another state in determining the timeliness of an action. Our borrowing statute, 14 M.R.S.A. § 866, reads in pertinent part: "No action shall be brought by any person whose cause of action has been barred by the actions of any state, territory or

country while all the parties have resided therein." For the borrowing statute to apply, "[t]he parties must reside in the same state at the same time." *Frye v. Parker*, 84 Me. 251, 254, 24 A. 844 (1892)....
   A second exception is where a statute in a foreign jurisdiction has created the liability sought to be enforced in the forum. In such circumstances, if passage of the appropriate foreign limitation period bars the right and not merely the remedy, then an action to enforce that liability cannot be maintained in the forum.

As for substantive law, the Maine Supreme Judicial Court has directed that the rights and liabilities of the parties to an action should be determined by the law of whichever state "has the more significant contacts and more substantial relationships to the parties and the occurrence and the more important governmental interests in the solution of the issue before the Court." *Beaulieu v. Beaulieu,* 265 A.2d 610, 617 (Me.1970).

■ The present case involves a Maine resident and a car registered and garaged in Maine. None of the parties are domiciled in Massachusetts, and, as in *Beaulieu,* "Massachusetts's sole relationship with the occurrence is the purely adventitious circumstance that the accident occurred there." 265 A.2d at 616.[2] In contrast, Maine has a significant interest in the proper manufacturing of motor vehicles titled, registered, and driven by Maine residents. The Maine legislature has chosen to provide a strict liability cause of action, 14 M.R.S.A. § 221 (1980), and denying it to this Plaintiff "would defeat a genuine interest of this State (the forum state) without serving any legitimate interest of Massachusetts ..." *Beaulieu,* 265 A.2d at 614.

Accordingly, it is hereby ORDERED that Defendants' motions to dismiss and for summary judgment be, and they are hereby, DENIED.

---

2. The Defendant puts great emphasis on the presence of witnesses in Massachusetts, but the location of witnesses is of no relevance whatsoever in determining which state's law should apply. The Court has no motion to change venue before it, and so however the choice-of-law issue is resolved, the case is still going to be tried in Maine, and any inconvenience to witnesses will be unaffected.