**In re Dustin James KIDDER.**

Supreme Judicial Court of Maine.

Argued May 4, 1988.
Decided May 31, 1988.

Jeffrey R. Burns (orally), Preti, Flaherty, Beliveau & Pachios, Rumford, for plaintiff.

Edward S. David (orally), Cloutier, Joyce, Dumas & David, Livermore Falls, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

SCOLNIK, Justice.

Judy Barber appeals the judgment of the Oxford County Probate Court dismissing her petition to change the name of her minor son, Dustin James Kidder. The Probate Court denied the petition on the basis that Judy Barber cannot unilaterally change her son's name when she shares parental rights and responsibilities with the child's father, James Kidder, and he opposes the petition. We affirm the judgment.

By a divorce judgment dated May 1, 1986, James Kidder and Judy Kidder were awarded shared parental rights and responsibilities of their only child, Dustin James Kidder. The judgment stated that the child's primary residence would be with his mother, and that his father had the right to visit and be visited by the child at all reasonable and proper times. In August 1986, Judy Kidder married Theodore Barber, and one year later the couple petitioned for a change of Dustin's last name to Barber pursuant to 19 M.R.S.A. § 781 (Supp. 1987).[1] James Kidder objected to the name change in an answer to the petition and moved for dismissal. After a hearing on October 13, 1987, the Probate Court granted the motion to dismiss. Judy Barber appeals from the judgment entered on that order.

The statute governing name changes states in full as follows:

> If a person desires to have his name changed, he may petition the judge of probate in the county where he resides; or, if he is a minor, his *legal custodian* may petition in his behalf, and the judge,

---

1. Judy Barber has since conceded, and the Probate Court has ordered, that Theodore Barber, the child's step-father, has no standing in this matter.

after due notice, may change the name of the person and shall make and preserve a record thereof. The fee for filing the petition shall be $10.

19 M.R.S.A. § 781 (Supp.1987) (emphasis added). On appeal, the petitioner argues that as the parent having "physical possession" of the minor child, she is the child's "legal custodian" and can petition for a name change pursuant to 19 M.R.S.A. § 781 without the consent of the child's father. We disagree.

■ We conclude that in petitions for the change of the name of a minor child, the Legislature intended the person having decision-making responsibility regarding such child to be the legal custodian. In the recent past, as between divorced parents, the parent having physical custody was deemed to be the legal custodian because that parent had sole responsibility for making all decisions regarding the child's welfare unless the divorce judgment expressly provided otherwise. *See Sheldon v. Sheldon*, 423 A.2d 943, 945 (Me.1980). However, as a result of recent statutory changes that provide for a division of decision-making responsibilities, *see* P.L.1981, ch. 174 (allowing for joint custody of minor children) and 19 M.R.S.A. § 752(6) (Supp. 1987) (providing for shared parental rights and responsibilities), physical custody alone no longer confers the status of legal custodian within the meaning of the statute.

■ In the present statutory scheme, "legal custody" of minor children after a divorce is determined by ascertaining from the divorce judgment which person has the decision-making responsibility. In the instant case, the parents have been awarded shared parental rights and responsibilities, which under the statute "means that most or all aspects of a child's welfare remain the joint responsibility and right of both parents, so that both parents retain equal parental rights and responsibilities and both parents must confer and make joint decisions regarding the child's welfare." 19 M.R.S.A. § 752(2)(C) (Supp.1987). Accordingly, one parent cannot be deemed the "legal custodian" for the purposes of 19 M.R.S.A. § 781, and the Probate Court correctly concluded that a petition brought by only one of the parents having shared parental rights was deficient.

The entry is: Judgment affirmed.

All concurring.