1997 ME 210

### In re JOSEPH B.G.

Supreme Judicial Court of Maine.

Argued Oct. 9, 1997.

Decided Oct. 31, 1997.

Stephen C. Whiting (orally), Douglas, Whiting, Denham & Rodgers, Portland, for appellant.

---

Diane M. Edgecomb (orally) Gorham, for appellee.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, and RUDMAN, JJ.

CLIFFORD, Justice.

[¶ 1] Wendy B. appeals from a judgment entered in the Cumberland County Probate Court (*Childs, J.*) determining that her late husband, James B., is the father of Joseph B.G. On appeal, Wendy challenges the procedure used in the Probate Court to reopen the case and to vacate a prior order establishing that James was not the father of the child. Wendy also contends that the Probate Court lacks the statutory authority to determine paternity, and that its judgment is void. Because we agree with Wendy that the statutory authority of the Court was not properly invoked, we vacate the judgment.

[¶ 2] Renee G. is the natural mother of Joseph, born on September 10, 1991. At the time of Joseph's birth, the name of his natural father was not entered on his birth certificate. In 1994, Renee filed a petition for determination of paternity in the Probate Court, alleging that James was the father of Joseph. James died on January 1, 1991.

[¶ 3] The record reflects that the petition was filed solely to determine the paternity of Joseph, and was not in conjunction with any other probate proceeding. The petition did not relate to James's estate or a trust created by him. Following a hearing on the petition, the court granted Renee additional time to arrange for and submit blood testing and genetic analysis of certain of James's relatives. When Renee failed to submit the additional evidence in the allotted time, the court entered an order dismissing the petition. Subsequently, the court granted Renee's motion to reopen the order, admitted evidence

purporting to establish the likelihood of paternity, and entered an order determining that James was the father of Joseph.[1] This appeal followed.

[¶ 4] Generally, when a child is born out of wedlock, the name of the putative father may not be entered on child's birth certificate without his written consent and that of the mother, 22 M.R.S.A. § 2761(4) (1992 & Supp.1996). When the putative father has not given his written consent, his name may be entered on the certificate if a court of competent jurisdiction has made a determination of paternity. *Id.* The Uniform Act on Paternity, 19 M.R.S.A. §§ 271–87 (1981 & Supp.1996), provides that paternity of a child may be determined upon the mother's complaint, *id.* § 272, and vests jurisdiction over paternity actions in the *Superior Court* or the *District Court. Id.* § 275.[2]

[¶ 5] The Probate Court is a statutory court of limited jurisdiction and its actions are void unless taken pursuant to statutory authority. *In re Krystal S.,* 584 A.2d 672, 674 (Me.1991). The court has general jurisdiction over cases relating to wills, trusts, and decedents' estates. 4 M.R.S.A. § 251 (1989). The court's jurisdiction also extends to equitable matters pertaining to such cases. 4 M.R.S.A. § 252 (1989). The petition filed by Renee did not relate to a will, trust, or estate; rather, it requested the Probate Court to determine that James was the father of Joseph and sought an order directing the Bureau of Vital Records to enter James's name on Joseph's birth certificate. Renee cites no statutory authority, and we find none, that vests the Probate Court with jurisdiction over an action seeking a declaratory judgment of paternity.[3] The Probate Court does have jurisdiction to determine a decedent's heirs, 18–A M.R.S.A.

---

1. Wendy contends that the procedure used in the Probate Court resulting in the vacating of the prior order and a determination of paternity was irregular.

2. On October 1, 1997, title 19 was repealed and replaced by title 19–A. P.L.1995, ch. 694, §§ B–1, B–2 (effective October 1, 1997). Under title 19–A, the Superior Court or the District Court has jurisdiction over an action to establish paternity. P.L.1995, ch. 694, § B–2.

3. Although we recognize that the Probate Court has the power to determine paternity of a child born out of wedlock in the context of an adoption proceeding, 19 M.R.S.A. §§ 1103(1)(E), 1111 (Supp.1996) *repealed by* P.L.1995, ch. 694, § B–1 (effective October 1, 1997), we reject Renee's suggestion that similarities between this proceeding and an adoption empower the Probate Court to determine paternity in this action.

§ 1–302(a) (1981), but there was no vehicle before the court invoking that power. *See generally Department of Corrections v. Superior Court,* 622 A.2d 1131, 1135 (Me.1993). Because the statutory authority of the Probate Court was not properly invoked in this declaratory judgment action seeking a determination of paternity, its order is void. Accordingly, we do not reach Wendy's other contentions.

The entry is:

Judgment vacated. Remanded for the entry of an order of dismissal.