2002 ME 88

**Kelly MARIN**

v.

**Michael MARIN.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 28, 2002.
Decided: June 4, 2002.

dice will be presumed. *State v. Chesnel,* 1999 ME 120, ¶¶ 5–6, 734 A.2d 1131, 1134.

Paul Aranson, Scaccia, Lenkowski & Aranson, Sanford, for appellant.

Plaintiff did not file a brief.

Lisa M. White, Sanford, Guardian ad Litem.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Michael Marin appeals from the District Court's (Springvale, *Sheldon, J.*) denial of his motion to amend his divorce judgment to determine his parental rights and responsibilities with regard to his eldest son. Michael contends that the court erred in failing to exercise its jurisdiction. We agree, vacate, and remand.

## I. BACKGROUND

[¶ 2] Michael and Kelly Marin, at the time of their divorce in November 2000, had three children, the eldest of whom was eleven-year-old Justin. In the month prior to the divorce, in a separate guardianship proceeding, the York County Probate Court (*Nadeau, J.*) granted coguardianship of Justin to Richard and Linda LeClair, Justin's maternal grandparents. The Probate Court stated that

> Kelly Marin concedes that Michael Marin is the more stable parent who, therefore, in the Court's view may be the more appropriate custodian when and if the Court finds, pursuant to any subsequent Petition to Terminate Co–Guardianship which any party may file at an appropriate time in the future, that the Co–Guardianship granted herein should be terminated.

[¶ 3] The District Court (Springvale, *Stavros, C.M.O.*) entered a divorce judgment that did not determine any custody or visitation issues regarding Justin, stating: "This order makes no provision as to Justin who is in the custody of Linda LeClair, by York County Probate Court order . . . ."

[¶ 4] In the Probate Court, the LeClairs moved to amend the guardianship judgment to define the terms of Justin's visits with Michael. The Probate Court denied the motion on November 14, stating that the LeClairs already had full authority to regulate Justin's contact with his parents.

[¶ 5] Michael moved to amend the divorce judgment in the District Court to determine his parental rights and responsibilities, including making his residence Justin's primary residence, determining a schedule for parental contact, and award-

ing him child support. The District Court denied Michael's motion to amend the judgment, concluding that the motion was barred by res judicata because Michael "had the opportunity to establish that his custody was in Justin's best interest because that issue was germane to the Probate Court's decision on guardianship."

## II. DISCUSSION

### A. Res Judicata

[¶ 6] Michael contends that the court erred in concluding that the issues raised by his motion to amend the divorce judgment were already decided by the Probate Court, and were therefore barred by the doctrine of res judicata.

[¶ 7] We have recognized that there are two branches of res judicata: claim preclusion and issue preclusion. *In re Kaleb D.*, 2001 ME 55, ¶ 7, 769 A.2d 179, 183. The present claim is not barred by res judicata because the parties do not raise the same claim or issue. The initial claim in the Probate Court was a claim for guardianship, not a claim for divorce. The Probate Court could only determine issues of parental rights and responsibilities as they related to the guardianship proceeding in which they arose. The Probate Court named guardians for Justin and suggested a preference for Michael having custody if the guardianship terminated, but it did not render a judgment regarding Michael's and Kelly's parental rights and responsibilities. Thus, the District Court erred in concluding that the claim was barred by the doctrine of res judicata.

### B. Jurisdiction of the District Court

[¶ 8] Michael contends that the District Court should have declared the Probate Court order null and void because the Probate Court acted beyond the limits of the guardianship statute, 18–A M.R.S.A. § 5–204(c) (1998), in granting the LeClairs rights over all decisions pertaining to Justin. According to Michael, the District Court should have exercised its concurrent jurisdiction over issues regarding Justin's residence and visitation pursuant to 19–A M.R.S.A. § 1654 (1998 & Supp.2001).

[¶ 9] "The Probate Court is a statutory court of limited jurisdiction and its actions are void unless taken pursuant to statutory authority." *In re Joseph B.G.*, 1997 ME 210, ¶ 5, 704 A.2d 327, 328. The Probate Court "has exclusive jurisdiction over guardianship proceedings." 18–A M.R.S.A. § 5–102 (1998). The District and Probate Courts share concurrent jurisdiction over issues of parental rights and responsibilities. 19–A M.R.S.A. § 1654.

[¶ 10] We do not accept Michael's attempt to avoid the Probate Court's guardianship decision and seek custody of Justin in a divorce proceeding to which the LeClairs cannot be parties. The District Court lacks the authority to modify the LeClairs' rights as guardians. Nonetheless, it has jurisdiction to determine parental rights and responsibilities as between Justin's parents subject to the outstanding guardianship, and it erred in failing to do so.[1]

The entry is:

Judgment vacated and remanded for the determination of the parents' rights and responsibilities with regard to Justin subject to the guardianship of the Probate Court.

---

1. In circumstances where the District Court and Probate Court are both exercising their concurrent jurisdiction in matters of child custody it may be advisable for the courts to confer by telephone.