Ralf SIEGEMUND, Special Adminis-
trator for the Estate of Joan L.
Siegemund, et al., Plaintiffs

v.

Peter SHAPLAND, et al., Defendants

No. CIV. 01–277–P–H.

United States District Court,
D. Maine.

Feb. 24, 2003.

Order Denying Reconsideration
March 5, 2003.

**2**

Thomas F. Hallett, Esq., Portland, ME, for Ralph Siegemund, Special Administrator for the Estate of Joan L. Siegemund, Ralf Siegemund, plaintiffs.

John S. Whitman, Esq., Richardson, Whitman, Large & Badger, Portland, ME, Stephen Howe, Esq., Dane & Howe, Boston, MA, Marsha Weeks Traill, Esq., Gorham, Peter J. Detroy, III, Esq., Russell Pierce, Esq., Norman, Hanson & Detroy, Portland, ME, for Peter Shapland, Peabody & Arnold LLP, Stephen Howe, Dane & Howe, IRA Nagel, Greenbaum Nagel Fisher & Hamelburg, defendants.

## AMENDED DECISION AND ORDER ON MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT [1]

HORNBY, Chief Judge.

From 1987 to 1993, Joan Siegemund actively and aggressively challenged the activities of two probate court-appointed guardians [2] for her aged mother. Siegemund sought their removal, objected to their requests for approvals of sales of property, medical treatment and living circumstances, and made various inflammatory accusations, all of this conduct taking place in the probate courts of Massachusetts and Maine. (The guardians were appointed in Massachusetts where her mother first lived and kept her assets; later the personal guardian approved the mother's move with a caregiver to Machias, Maine.) Siegemund was always unsuccessful. Her mother, Dr. Rose Winston, died in 1993. In 2001, Siegemund filed this lawsuit seeking compensatory and punitive damages against the personal representative of her mother's estate for various torts (including breach of fiduciary duty; negligence; intentional and negligent infliction of emotional distress; breach of state unfair trade practices and consumer protection laws).[3] In 2002, the personal representative removed the case to this Court on diversity grounds and Siegemund amended the complaint to add as defendants the two guardians.[4] All the defendants[5] have moved to dismiss or for summary judgment. Peter Shapland, the personal representative, and Peabody & Arnold, LLP, have moved for summary judgment on the basis that the plaintiffs' claims are barred

---

1. The Amended Decision and Order inserts text on page 6, lines 7–9, that was inadvertently omitted from the Decision and Order issued on January 17, 2003.

2. One guardian was for the person, the other (in Maine, called a conservator, see 18–A M.R.S.A. § 1–201(6) (1998)) for the property of her mother.

3. Siegemund also objected to the accounts filed in Suffolk County Probate and Family Court by the defendant Howe as the guardian of the property of Siegemund's mother; Siegemund's objections were stricken by the pro-

bate court on February 13, 2001. Howe Mot. to Dismiss (Docket No. 8).

4. The Amended Complaint also adds as plaintiffs Joan L. Siegemund on behalf of the Estate of Rose Winston and the Estate of Rose Winston. Ralf Siegemund, personal representative of the estate of Joan L. Siegemund, has been substituted as a plaintiff in this action due to Ms. Siegemund's death.

5. All three defendants are lawyers and the plaintiffs have named their law firms as well. For purposes of this motion. I treat the law firms the same as the individual defendants.

by *res judicata* and the plaintiff Siegemund's own failure to sue the guardians. Stephen Howe, the guardian of the property, and Dane & Howe have moved to dismiss the complaint on the grounds that the plaintiffs' claims are barred by the statute of limitations and a Massachusetts probate statute. Ira Nagel, the guardian of the person, and Greenbaum, Nagel, Fisher and Hamelburg have moved to dismiss or, in the alternative, for summary judgment on the basis that the plaintiffs' claims are barred by *res judicata* and the statute of limitations. The Magistrate Judge made a Recommended Decision on September 26, 2002. After full briefing and oral argument, I decline to accept the Recommended Decision.

## I. RES JUDICATA

Maine, Massachusetts and federal law recognize two branches of *res judicata*: claim preclusion and issue preclusion (the latter sometimes called collateral estoppel). *See, e.g., Marin v. Marin,* 797 A.2d 1265, 1267 (Me.2002). The parties agreed at oral argument that the substance of the law is the same for all three jurisdictions, although the respective courts may use different terminology. For ease of discussion, I will use the Maine terms and primarily Maine cases.[6]

Claim preclusion is the broader of the two branches. It bars later litigation of claims the plaintiff brought or could have brought. Issue preclusion also bars later litigation, but only of the particular factual issues resolved against the plaintiff in a previous lawsuit. *See, e.g., Johnson v. Samson Constr. Corp.,* 704 A.2d 866, 868 (Me.1997).

Here, the defendants Shapland and Nagel sought the broader relief, claim preclusion, and the Magistrate Judge recommended it. The plaintiffs had unhelpfully argued that probate court judgments never produce *res judicata* effects, an incorrect assertion; clearly the issue preclusion branch of *res judicata* can apply to issues resolved in probate court proceedings. *Button v. Peoples Heritage Sav. Bank,* 666 A.2d 120, 122–23 (Me.1995). But the plaintiffs are correct in pointing out that probate courts in both Maine and Massachusetts are courts of limited jurisdiction and limited powers. Not every claim or request for relief available in a court of general jurisdiction can be asserted in a Maine or Massachusetts probate court. This limitation makes claim preclusion more complex. "[G]enerally implicit in the rules of res judicata are several important assumptions. It is assumed that the rendering court and the recognition court are both courts of general jurisdiction, that the two courts have identical or substantially similar rules of procedure, and that they are, so to speak, of equal juridical dignity." Restatement (Second) of Judgments, ch. 6, Introductory Note, at 263 (1982). Where this premise is not satisfied, a "limitation on merger applies where the rendering forum lacked authority to award relief on particular grounds or of a particular type." *Id.* at 264. The Restatement (Second) of Judgments explicitly states that the claim preclusion rule does not apply if:

> The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority

---

6. State law determines the effect of a prior state court judgment. *See* 18 Charles A. Wright, Arthur R. Miller & Edward H. Coo- per. Federal Practice and Procedure § 4412, at 284–85 (2d ed.2002).

to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief.

Restatement (Second) of Judgments § 26(1)(c);[7] *accord* 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4412, at 285 (2d ed. 2002) ("Claim preclusion is readily denied when the remedies sought in the second action could not have been sought in the first action, so long as there was good reason to maintain the first action in a court or in a form of proceeding that could not afford full relief.").[8]

Under Massachusetts law, probate courts do not entertain tort lawsuits or award common law damages for torts.[9]

[7] According to the Commentary:

> The general rule of § 24 is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first.

Restatement (Second) of Judgments § 26 cmt. c (1982); *see also id.* § 25 cmt. f ("Preclusion is narrower when a procedural system in fact does not permit the plaintiff to claim all possible remedies in one action....").

[8] Maine and Massachusetts state courts have not directly confronted the issue, but the language of their claim preclusion cases is consistent with this approach. *See, e.g., Lewis v. Maine Coast Artists,* 770 A.2d 644, 649 (Me. 2001) (describing one of three requirements for claim preclusion as whether "the matters presented for decision in the second action were, or might have been, litigated in the first. What was or could have been considered in the first action cannot be the basis of a subsequent action.") (citations omitted); *Henriksen v. Cameron,* 622 A.2d 1135, 1141–42 (Me.1993) (using similar language and concluding that divorce judgment did not bar later lawsuit for tortious conduct between the spouses); *accord Heacock v. Heacock,* 402 Mass. 21, 520 N.E.2d 151, 153 (1988) (denying claim preclusion as to the effect of a probate divorce and alimony decision in a later superior court tort case because "[t]he plaintiff could not have recovered damages for the tort in the divorce action, as the Pro-

bate Court does not have jurisdiction to hear tort actions and award damages"); *Feener v. New England Tel. & Tel. Co.,* 20 Mass.App.Ct. 166, 478 N.E.2d 1289, 1292 n. 6 (1985) (finding that probate court judgment did not create claim preclusion as to later tort action and citing the Wright, Miller & Cooper language quoted in the text above). First Circuit law is in accord. *See, e.g., United States v. Cunan,* 156 F.3d 110, 115 (1st Cir.1998) (discussing why ordinarily claim preclusion does not apply between criminal and civil proceedings (among other things, the available relief is different, and both forms of relief cannot be obtained in the same proceeding), but finding in the specific case of property forfeiture that a dismissed civil proceeding foreclosed a criminal proceeding seeking the identical relief (forfeiture of specific property)); *Kale v. Combined Ins. Co. of America,* 924 F.2d 1161, 1167–68 (1st Cir.1991) ("This jurisdictional competence exception permits the maintenance in a second suit of a claim stemming from the cause of action previously sued upon 'if a jurisdictional obstacle has precluded raising that issue in the first action.') ... [I]t must be shown that the claim pressed in the second suit could not have been asserted and resolved in the first suit by reason of limitations on the first court's jurisdiction." (quoting *Pasterczyk v. Fair,* 819 F.2d 12, 14 (1st Cir.1987)). On the other hand, issue preclusion can apply. *See Mutual Fire Inc. Co. v. Richardson,* 640 A.2d 205, 208–09 (Me.1994) (divorce proceeding determination of spouse's responsibility for fire that destroyed property was binding in later lawsuit by insurance company).

[9] The defendants argue that probate courts have broad equity powers. The Massachusetts cases cited in footnote 8, however, are clear that Massachusetts probate courts cannot award tort damages.

Therefore, the plaintiff Siegemund was unable to claim the relief she seeks here in the Massachusetts probate court.[10]

In Maine, probate courts currently have the authority to hear tort claims and to award common law damages for torts. *Estate of Hodgkins,* 807 A.2d 626, 630 (Me.2002). (I pass over the question whether that was apparent in the early 1990s when Siegemund was litigating in Maine probate court.) The Maine Rules of Probate Procedure prescribe two types of actions that may be brought in the probate courts: (1) actions within the exclusive jurisdiction of probate, known as "probate proceedings"; and (2) actions within the concurrent jurisdiction of probate, known as "civil proceedings." Me. R. Probate P. 2. A probate court may not consolidate proceedings, however, unless they are all "probate" or all "civil." Me. R. Probate P. 42(a).[11] Under Maine law, the issues that the plaintiff Siegemund previously pursued concerning the actions of her mother's guardian were within the exclusive jurisdiction of the probate court. 18–A M.R.S.A. §§ 5–102 (exclusive jurisdiction over guardianship), 5–402 (same for con-

servatorship of property except as to claims against the protected person herself or her estate or her property). By contrast, her tort claims were civil; therefore they could not be consolidated into the probate proceeding and be pursued in a "single action." [12]

For these reasons, I conclude that claim preclusion arising out of the probate proceedings is unavailable as an affirmative defense,[13] and I REJECT that portion of the Magistrate Judge's Recommended Decision.[14]

Issue preclusion, on the other hand, may be available as to facts established in the probate courts. The lawyers concede that the motion was not presented on that basis and, although one party finally raised the argument in a reply brief, the Magistrate Judge did not apply issue preclusion analysis in his Recommended Decision. Because issue preclusion may narrow some of the questions presented in this lawsuit, I will allow motion practice as follows: any motions shall be filed by February 7, 2003; all responses by February 28, 2003; and any reply briefs by March 7, 2003.

---

**10.** The Restatement suggests that if a party had the choice of a forum that could have provided all relief, claim preclusion might then apply if that party voluntarily chose a forum with more limited jurisdiction. Restatement (Second) of Judgments § 24 cmt. g. at 204 (1982). Maine and Massachusetts courts appear not to have ruled on the issue and the defendants have not argued, for instance, that the plaintiff Siegemund could have pursued all her claims in Massachusetts superior court, which has concurrent jurisdiction with the probate courts over all cases in which equitable relief is sought concerning matters relative to guardianships. Mass. Gen. Laws Ann. ch. 215, § 6 (West 2002).

**11.** *See also* Maine Probate Law Revision Commission. Report of the Commission's Study and Recommendations Concerning Maine Probate Law app. at 34 (Oct.1978) ("There are too many procedural differences

to permit a probate and civil proceeding to be combined so that a single judgment results."). (The probate court may conduct joint hearings, however, when the probate and civil proceedings involve a common question of law or fact. Me. R. Probate P. 42(a).)

**12.** *See* authorities cited *supra* footnotes 7 and 8 and accompanying text for the "single action" limitation.

**13.** *See Marin v. Marin,* 797 A.2d 1265, 1267 (Me.2002) (probate court decision on guardianship does not create claim preclusion concerning parental rights in later divorce action).

**14.** I note that the defendants Shapland and Nagel did not argue that the plaintiffs failed to satisfy the elements of negligent and intentional infliction of emotional distress.

## II. Right To Sue The Guardians

The personal representative argues that the lawsuit against him (and his law firm) on behalf of the estate should be dismissed for an additional and independent reason, namely, that under a Massachusetts statute the plaintiff Siegemund was entitled to sue the two guardians herself on behalf of the estate. Mass. Gen. Laws Ann. ch. 230, § 5 (West 2002). But by definition the personal representative has a fiduciary obligation to the estate to preserve its assets. If he violates that obligation by failing to sue on a legitimate claim (as is alleged here), the estate has a cause of action. Although an heir or legatee might sue instead under the Massachusetts statute, there is no requirement that an heir or legatee do so, and there is probably any number of reasons why an heir or legatee might not initiate such a lawsuit. Failure to do so may ultimately be a partial affirmative defense of failure reasonably to mitigate damages, but it hardly destroys the cause of action for the personal representative's breach of fiduciary obligation. Nothing in the language of the statute or Massachusetts caselaw suggests that this provision was designed to let the personal representative off the hook; instead, the statute simply provides an additional remedy to an heir or legatee. Because I conclude that it is not grounds for dismissal under Massachusetts law, I do not reach the plaintiffs' alternative argument that Massachusetts law does not apply (Maine has no comparable provision).

## III. Statute Of Limitations

By motion to dismiss,[15] the two guardians of the deceased argue, in the alternative, that the plaintiffs' claims are barred by the applicable statute of limitations.[16] Under traditional choice of law rules, the statute of limitations of the forum controls, even if the substantive law of another state applies. Restatement (Second) of Conflicts § 142 (1988). Here, Maine is the forum and under Maine law, "[t]here are two exceptions to this rule: (1) where Maine's borrowing statute applies;[17] and (2) where the claim is predicated on a foreign statutory enactment." *Johanson v. Dunnington,* 785 A.2d 1244, 1246 (Me. 2001) (citing *Hossler v. Barry,* 403 A.2d 762, 765 (Me.1979)).

For the first exception to apply, " '[t]he parties must reside in the same state at the same time.' " *Barry,* 403 A.2d at 765 (quoting *Frye v. Parker,* 84 Me. 251, 254, 24 A. 844 (1892)). Since the plaintiff Siegemund resided in California during the period at issue, not Maine or Massachusetts, the first exception does not apply.

---

15. The defendant Nagel, the guardian of the person, filed a motion to dismiss, or in the alternative, a motion for summary judgment. Because the defendant Nagel cites no record evidence in support of his statute of limitations claim. I treat his motion as a motion to dismiss on this issue. The defendant Howe, the guardian of the property, has moved only to dismiss the plaintiffs' claims.

16. The defendant Howe argues that because his entire activities as guardian were within the Commonwealth of Massachusetts, the applicable limitations period is found under Massachusetts law (three years from the date the cause of action accrued pursuant to Mass. Gen. Laws Ann. ch. 260, § 2A). (Docket No. 8) The defendant Nagel does not reach the question of which state's law applies: instead he contends that the plaintiffs' claims are barred by any statute of limitations, whether Maine or Massachusetts. (Docket No. 17)

17. Borrowing statutes, enacted by states to prevent forum shopping, "enable the forum to borrow and use the statute of limitations of another state in determining the timeliness of an action." *Hossler v. Barry,* 403 A.2d 762, 765 (Me.1979).

The second exception applies where the statute of a foreign jurisdiction creates the liability sought to be enforced. "An action will not be entertained in another state if it is barred in the state of the otherwise applicable law by a statute of limitations which bars the right and not merely the remedy." Restatement (Second) of Conflicts § 143. In Counts III and VII, the plaintiffs allege that the defendants engaged in unfair trade practices in violation of Chapter 93A of the Massachusetts General Laws. Massachusetts law provides that actions arising under Chapter 93A must be brought within four years from the date the cause of actions accrues. Mass. Gen. Laws Ann. ch. 260, § 5A. Because this four-year limitations period clearly bars any right created under Chapter 93A, it applies to the plaintiffs' claims in Counts III and VII. The applicable statute of limitations under Maine law applies to the plaintiffs' remaining claims.

██ Both Maine and Massachusetts law permit the statute of limitations to be tolled, however, in cases of fraud. In Maine, an action that is fraudulently concealed is timely if it is commenced within six years after the person entitled to bring suit discovers the claim. 14 M.R.S.A. § 859 (Supp.2001). In Massachusetts, the period prior to the discovery of a cause of action that is fraudulently concealed is "excluded in determining the time limited for the commencement of the action." Mass. Gen. Laws Ann. ch. 260, § 12. The plaintiffs allege fraudulent concealment in their amended complaint. Only the defendant Nagel challenges the adequacy of their pleading in his motion to dismiss. In federal court, state law fraud claims must be pleaded with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. See, e.g., Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir.1985). To establish a claim of fraudulent concealment, a plaintiff must allege (and later prove): "(1) that defendants actively concealed material facts from [plaintiff] and that [plaintiff] relied on their acts and statements to her detriment; or (2) that a special relationship existed between the parties that imposed a duty to disclose the cause of action, and the failure of defendants to honor that duty." Harkness v. Fitzgerald, 701 A.2d 370, 372 (Me.1997) (citing H.E.P. Group, Inc. v. Nelson, 606 A.2d 774, 775 (Me.1992)); accord Patsos v. First Albany Corp., 433 Mass. 323, 741 N.E.2d 841, 846–47 (2001); Puritan Med. Ctr., Inc. v. Cashman, 413 Mass. 167, 596 N.E.2d 1004, 1010 (1992).

The plaintiffs allege that the personal representative had a fiduciary relationship with the plaintiffs and breached his fiduciary obligations to them by withholding information pertaining to the physical and financial mismanagement perpetrated by the two guardians. Am. Compl. ¶¶ 57–58, 63, 66–70, 72–73, 75–76. The plaintiffs further allege that the two guardians similarly breached their fiduciary duty by "failing and refusing to properly disclose medical records, financial records, court records, and other information for the purpose of concealing their misdeeds," thereby contributing to the fraudulent concealment of the plaintiffs' claims. Am. Compl. ¶ 65; see also Am. Compl. ¶¶ 18, 64, 66, 83–85, 92–94. I find that the plaintiffs' allegations are sufficient to survive a motion to dismiss.

## IV. SECTION 22 OF CHAPTER 206

██ The defendant Howe, the guardian of the property, contends that the plaintiffs' claims should be barred because his final accountings, to which the plaintiff Siegemund unsuccessfully objected, were allowed by the Suffolk County Probate and Family Court ("Suffolk Court") on October 10, 2001. Mass. Gen. Laws Ann. ch. 206,

§ 22; Howe Aff. ¶ 4 (Docket No. 57). Section 22 of Chapter 206 of the Massachusetts General Laws provides that following a decree of distribution, an accounting satisfactory to the probate court is "allowed as [the] final discharge" and "forever exonerate[s] the accountant and his sureties from all liability under such decree unless [the] account is impeached for fraud or manifest error." [18] The defendant Howe argues that in light of this statute, an appeal or Rule 60(b) motion for reconsideration of the final judgment in the Suffolk Court is the only means for the plaintiffs to pursue any claims that they might have.[19] I agree. Rule 60(b) of the Massachusetts Rules of Civil Procedure permits a court to reconsider a final judgment on the basis of fraud, among other reasons. A motion for relief on the basis of fraud must be filed within one year after final judgment. Mass. R. Civ. P. 60(b). After the Magistrate Judge's recommended decision,[20] the one-year anniversary of the judgment entered by the Suffolk Court passed. Because the final accounting of the defendant Howe has been allowed by the Suffolk Court, he is now exonerated.[21] For this reason, I **Dismiss** the plaintiffs' claims against the defendants Howe and Dane & Howe LLP, as well as the personal representative's (Shapland's) cross-claim.[22]

## V. Motion For Legal Fees And Expenses

The defendant Howe requests that the plaintiff Siegemund be ordered to pay his legal fees and expenses for defending against this action. It is not clear under what authority the defendant Howe seeks relief. He describes the relief he *would* seek "[i]f claims such as the ones asserted here had been asserted in a Court in the Commonwealth of Massachusetts" but he does not describe the basis for his actual request for attorney fees in this Court. (Docket No. 9) If the defendant Howe is seeking relief under Rule 11 of the Federal Rules of Civil Procedure, he has not alleged satisfaction of the safe harbor provi-

---

**18.** "[I]f an account is properly allowed after full notice, it subsumes all prior accounts." 2 Thomas H. Belknap, Newhall's Settlement of Estates and Fiduciary Laws in Massachusetts § 29:15, at 234 (5th ed.1994).

**19.** All the claims against Howe and his law firm are based upon his alleged (mis)management of the deceased's assets. Am. Compl. ¶ 94. The plaintiffs also characterize their claims this way. Pls.' Resp. Mot. Dismiss (Docket No. 19) ("The facts alleged in the Complaint are sufficient to establish individual misconduct with respect to the depletion of assets.").

**20.** Stephen Howe, on behalf of himself and his law firm Dane & Howe LLP, moved to reconsider the Magistrate's recommended decision. (Docket No. 56) The motion was properly served on all parties and executed by the defendant Howe on behalf of himself but not by counsel of record for the law firm. Because I see no need to treat the defendant law firm any different from the defendant Howe individually, I disregard the law firm's failure to comply with this formal requirement.

**21.** Although the Magistrate Judge noted the possibility that Maine law might apply to the claims against the defendant Howe, I see no basis for concluding that it does. The plaintiffs allege that the defendant Howe improperly managed the estate's assets located in Massachusetts. Construing liberally the allegations in the complaint, the only conduct that the plaintiffs allege may have taken place in Maine is Howe's allegedly improper authorization of the cremation of the deceased's remains. Am. Compl. ¶ 42. Since there is no fraudulent concealment with respect to this allegation, however, any claim of negligence against the defendant Howe for such action is barred by the statute of limitations.

**22.** In light of this ruling, I do not reach the defendant Howe's argument that the plaintiff Siegemund has no standing to sue on behalf of the estate.

sion of that Rule. For these reasons, I DENY the defendant Howe's motion for legal fees and expenses.

## VI. CONCLUSION

1. The motion for summary judgment filed by the defendants Peter Shapland and Peabody & Arnold LLP is DENIED.

2. The motion to dismiss or, in the alternative, for summary judgment filed by the defendants Ira Nagel and Greenbaum, Nagel, Fisher & Hamelburg is DENIED.

3. The motion to dismiss filed by the defendants Stephen Howe and Dane & Howe is GRANTED.

4. The defendant Howe's motion to dismiss the cross-claim is GRANTED.

So ORDERED.

## ORDER ON MOTION FOR RECONSIDERATION

The motion for reconsideration asks me to revisit the conclusions in my previous ruling that claim preclusion (as distinguished from issue preclusion) does not result from either the Maine or Massachusetts Probate Court proceedings.

### MAINE PROBATE PROCEEDINGS

In my original decision, I noted that Rule 42(a) of the Maine Rules of Probate Procedure allows consolidation of proceedings only "if they are all formal probate or all civil" and concluded that Siegemund could have not pursued her claim for money damages in her Maine (Washington County) probate action seeking appointment of a temporary guardian for her mother. Applying Restatement principles, I concluded that the Maine probate proceedings, therefore, did not generate claim

preclusion against the plaintiffs' current lawsuit for money damages. The motion for reconsideration calls this "a hyper-technical argument which goes far beyond the letter or the spirit of the jurisdictional competence exception." Defs.' Mem. Supp. Mot. Recons. at 8–9 (Docket No. 72).

According to the Restatement (Second) of Judgments § 26(1)(c), claim preclusion does *not* apply when:

> The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief *in a single action,* and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief.

(emphasis added). The commentary states that claim preclusion is premised on the assumption that there were no barriers to "presenting to a court *in one action* the entire claim." Restatement (Second) of Judgments § 26 cmt. c (1982) (emphasis added). Where such barriers exist "in the first action, it is unfair to preclude [the plaintiff] from a second action...." *Id.* This is so regardless of the reasons for the barrier, including "vestigial procedural doctrines." *Id.* In other words, my conclusion follows directly the letter and spirit of claim preclusion, which is based upon what a party can do in a single lawsuit.[1]

### MASSACHUSETTS PROBATE PROCEEDINGS

■ In my original decision I observed that the Massachusetts Supreme Court had made clear that tort damages cannot be recovered in probate proceedings. *See,*

---

1. *Accord* Restatement (Second) of Judgments § 25 cmt. f (1982) (emphasis added): "Preclusion is narrower when a procedural system in fact does not permit the plaintiff to claim all possible remedies *in one action.*"

*e.g., Heacock v. Heacock,* 402 Mass. 21, 520 N.E.2d 151, 153 (Mass.1988) ("[T]he Probate Court does not have jurisdiction to hear tort actions and award damages."). I ruled, therefore, that the Massachusetts probate proceedings did not create claim preclusion for the plaintiffs' current lawsuit, because the plaintiffs could not have brought all their claims in the probate proceedings. The executor and guardian of the person accurately point out that the Massachusetts cases I cited did not involve lawsuits against a guardian, and they argue that the cases' restrictive language should not apply in probate proceedings against a guardian. Instead, they argue, tort damages can be recovered in Massachusetts probate proceedings by suing the guardian on his bond.

Massachusetts statutes do permit lawsuits in probate court upon a bond and authorize the recovery of "all damages caused by ... neglect or maladministration." Mass. Gen. Laws. Ann. ch. 205, § 31. If those damages include the tort recovery the plaintiff seeks here (such as negligent and intentional infliction of emotional distress), and if she could have combined all her claims in a single action (the lawyers have not described for me Massachusetts probate procedures for presenting such a claim), then claim preclusion would apply. After consulting the treatises on Massachusetts probate procedures, *see* 1–2 T.H. Belknap, Newhall's Settlement of Estate and Fiduciary Law in Massachusetts (5th ed. 1994 & Supp.2002); S.M. Dunphy, Probate Law and Practice (2d ed. 1997 & Supp.2002), however, I have been unable to find any cases awarding tort damages in a suit upon a bond, and the lawyers have referred me to none. One case suggests that "consequential dam-

ages" may be available, *Chase v. Faulkner,* 307 Mass. 404, 30 N.E.2d 239, 241 (Mass. 1940), but those damages were merely the legal fees and expenses caused by the guardian's failure to account, not tort damages.[2] The defendants have made thoughtful and lawyerly arguments as to why tort damages on a guardian's bond might be distinguished from other tort lawsuits, but I am left with the Massachusetts Supreme Court's broad language and no rulings drawing the distinction they propose. As a federal judge applying state law, therefore, I decline to rule that the Massachusetts court would step back from its language and allow tort recovery in a lawsuit on a bond. *See Ryan v. Royal Ins. Co. of America,* 916 F.2d 731, 744 (1st Cir.1990).

The motion for rehearing is DENIED.

The schedule for motion practice on issue preclusion is amended as follows: any motions shall be filed by March 26, 2003; all responses by April 16, 2003; and any reply briefs by April 23, 2003.

So ORDERED.

---

2. Another case mentioning damages refers to the availability of "special damages." *Chapin v. Waters,* 110 Mass. 195, 199 (1872). I cannot tell from the case in what sense the court is using that term.