2004 ME 46

**In re Joshua Joseph PERRY.**

**No. Pen–03–297.**

Supreme Judicial Court of Maine.

Argued: March 10, 2004.
Decided: April 7, 2004.

Wade Riley, Esq. (orally), Augusta, Lawrence Merrill, Esq., Bangor, for appellant.

Charles Cox, Esq. (orally), Newport, for the appellee.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

RUDMAN, J.

[¶ 1] Christopher Rush appeals from a judgment entered in the Penobscot County Probate Court (*Woodcock, J.*) denying his request to change the surname of his minor child, Joshua, over the objection of the child's mother, Amanda Lee Perry. Rush asserts that his parental rights conferred by 19–A M.R.S.A. § 1651 (1998) endow him with the authority to unilaterally change Joshua's name pursuant to the Maine Probate Code, 18–A M.R.S.A. § 1–701 (Supp.2003). We disagree and affirm the judgment.

[¶ 2] Joshua Joseph Perry, the minor child involved, was born on February 27, 2000. The parties were never married, and stipulate that Rush is Joshua's biological father. Perry named Joshua after giving birth. Rush later signed a voluntary acknowledgement of paternity, listing himself as the natural father of "Joshua Joseph Perry."

[¶ 3] After Joshua's birth, Rush attempted to persuade Perry to acquiesce in changing Joshua's name. When Perry made it clear that she would not assent to a name change, Rush petitioned the Probate Court unilaterally. The Probate Court held that Rush, acting alone, could not change Joshua's name.

## I. DISCUSSION

[¶ 4] The Probate Court is a creature of statute and only has such authority as the Legislature has granted it. *Marin v. Marin*, 2002 ME 88, ¶ 9, 797 A.2d 1265, 1267 ("The Probate Court is a statutory court of limited jurisdiction and its actions are void unless taken pursuant to statutory authority.") (quoting *In re*

*Joseph B.G.*, 1997 ME 210, ¶ 5, 704 A.2d 327, 328). Section 1–701 of the Maine Probate Code states: "If a person desires to have that person's name changed, the person may petition the judge of probate in the county where the person resides. If the person is a minor, the person's legal custodian may petition in the person's behalf." 18–A M.R.S.A. § 1–701(a). Thus, only a "legal custodian" may petition to change a minor's name. We have defined the term "legal custodian" to mean the person with decision-making authority over a child. *In re Kidder*, 541 A.2d 630, 631 (Me.1988). When two individuals share decision-making authority, together they comprise the "legal custodian" for the purposes of changing a minor's name pursuant to section 1–701. *In re Kidder*, 541 A.2d at 631 ("[T]he Legislature intended the person having decision-making responsibility regarding such child to be the legal custodian."). When two individuals together comprise the legal custodian, a petition to change the name of a child brought by only one parent is deficient, and must be dismissed.

[¶ 5] To ascertain the division of decision-making authority, the Probate Court will ordinarily look to any existing order establishing parental rights and responsibilities for the child. *Id.* If there is no decree of divorce or other judgment delineating parental rights, as in the instant case, the minor's parents share decision-making authority pursuant to 19–A M.R.S.A. § 1651 (1998). ("The father and mother are the joint natural guardians of their minor children and are jointly entitled to the care, custody, control, services and earnings of their children. Neither parent has any rights paramount to the rights of the other with reference to any

matter affecting their children.") Allowing a parent to unilaterally change a minor child's name would give that parent rights "paramount" over the objecting parent. Therefore, the petition, signed only by Rush, was deficient, and was appropriately dismissed by the Penobscot County Probate Court.[1]

The entry is:

Judgment affirmed.

---

1. If a single parent with shared decision-making authority wishes to change a child's name, the appropriate procedure is to petition the District Court for an allocation of parental rights giving her or him the exclusive authority to do so. Once a parent has been allocated the authority, he or she may then petition the Probate Court unilaterally.