1998 ME 116

**ASSOCIATES COMMERCIAL CORP.**

v.

**Marshall F. CHANDLER.**

Supreme Judicial Court of Maine.

Submitted on Briefs April 16, 1998.

Decided May 20, 1998.

Paul R. Tardif, David R. Dubord, Gosselin, Dubord & Rabasco, P.A., Lewiston, for plaintiff.

Richard W. McCarthy, Jr., Elton A. Burky, Pittsfield, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, LIPEZ, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] Marshall F. Chandler, the personal representative of the estate of Anna R. Chandler, appeals from a summary judgment entered in the Superior Court (Somerset County, *Marden J.*) in favor of Associates Commercial Corporation (ACC). The personal representative contends, *inter alia,* that the court erred in determining that Anna Chandler's will discharged an outstanding mortgage debt owed by her son, Hadley Chandler. We disagree and affirm the summary judgment.

I.

[¶ 2] In 1971, Hadley and Doris Chandler executed a mortgage deed ("the Hadley mortgage") securing a $22,315 debt and delivered that deed to Erwin and Anna Chandler. In 1976, Anna Chandler executed a will that contained the following provision ("the forgiveness clause"):

> I forgive and cancel all debts and claims which I may have against each of my sons, Charles J. Chandler, Marshall F. Chandler and Hadley R. Chandler, who survive me, and I direct my executor to deliver to each son all evidences of my debts and claims against him and all collateral securing such debts and claims and to discharge and terminate at the expense of my estate all mortgages and security agreements securing such debts and claims.

In 1977, Hadley and Doris Chandler conveyed their equity of redemption in the mortgaged premises to Jeffrey and Judith Chandler. In 1978, Erwin and Anna Chandler attempted to foreclose the Hadley mortgage by serving a notice of foreclosure without possession on Hadley and Doris Chandler. Because they failed to provide notice of the foreclosure to Jeffrey and Judith Chandler pursuant to 14 M.R.S.A. § 6203(2) (1980),[1] the foreclosure was invalid. In March of 1980, Anna Chandler died; Erwin Chandler had predeceased her.

[¶ 3] In 1990, ACC recovered a judgment of $15,639.65 against Jeffrey Chandler. ACC thereafter obtained a lien on all of Jeffrey Chandler's property, including his equity of redemption interest in the mortgaged prem-

---

1. Pursuant to section 6203(2) of Title 14, the mortgagee may foreclose without possession by serving notice on "the mortgagor or mortgagors, or in case of any recorded transfer or transfers of the mortgaged property since the giving of the mortgage, on the record holder or holders of the title of the mortgaged property at the time of the service of said notice...."

ises. In 1994, Anna Chandler's estate filed a notice of foreclosure without possession to foreclose the Hadley mortgage.

[¶ 4] ACC initiated this action, seeking: (i) a declaratory judgment that Anna Chandler's will had discharged the Hadley mortgage; and (ii) an injunction enjoining the personal representative of Anna Chandler's estate from continuing the pending foreclosure of the Hadley mortgage. Both ACC and the personal representative filed motions for a summary judgment. The Superior Court granted ACC's motion for a summary judgment and denied the personal representative's motion for a summary judgment, determining that Anna Chandler's will was unambiguous and that the forgiveness clause discharged the Hadley mortgage. This appeal followed.

### II.

[¶ 5] A party is entitled to a summary judgment if no genuine issue of material fact exists and if the party is entitled to a judgment as a matter of law on the basis of the undisputed facts. *See Johnson v. Samson Constr. Corp.*, 1997 ME 220, ¶ 5, 704 A.2d 866, 868. "We review the grant of a summary judgment for an error of law, viewing the evidence in the light most favorable to the party against whom the judgment has been granted." *Id.* Our review of the trial court's decisions on questions of law is de novo. *See Seashore Performing Arts Ctr., Inc. v. Town of Old Orchard Beach*, 676 A.2d 482, 484 (Me.1996).

[¶ 6] The trial court concluded that "the four corners of the decedent Anna Chandler's will" contain no ambiguity, that "[t]he clause forgiving her son's debts is explicit," and that the forgiveness clause applies to and discharges the Hadley mortgage. The per-

sonal representative concedes that Anna Chandler's will unambiguously "forgave any debts or claims against each of her sons including son Hadley." He argues, however, that Anna Chandler's unsuccessful attempt to foreclose the Hadley mortgage revoked by operation of law the forgiveness clause. This argument lacks merit.[2]

[¶ 7] The Legislature has narrowly circumscribed the means by which a provision of a will may be revoked by operation of law. Pursuant to section 2–508 of Title 18–A:

[i]f after executing a will the testator is divorced or his marriage annulled, the divorce or annulment revokes any disposition or appointment of property made by the will to the former spouse, any provision conferring a general or special power of appointment on the former spouse, and any nomination of the former spouse as executor, trustee, conservator, or guardian, unless the will expressly provides otherwise.... *No change of circumstances other than as described in this section revokes a will.*

18–A M.R.S.A. § 2–508 (1998) (emphasis added). Section 2–508 applies to:

any proceedings in Court ... pending [as of January 1, 1981][3] or thereafter commenced regardless of the time of the death of decedent except to the extent that in the opinion of the court the former procedure should be made applicable in a particular case in the interest of justice or because of infeasibility of application of the procedure of this Code.

18–A M.R.S.A. § 8–401(b)(2) (1998). Because this case was commenced in May of 1995, we conclude that section 2–508 applies.[4]

[¶ 8] Pursuant to Section 2–508, the only two circumstances that can revoke by opera-

---

2. ACC urges us not to reach the merits of this issue, contending that because Anna Chandler's will has been admitted to probate "any attacks on its validity, at this stage and in this proceeding, are not permitted." ACC misperceives our decision in *Jordan v. Jordan*, 155 Me. 5, 8, 150 A.2d 763, 765 (1959), in which we rejected a contention that the decedent's will was void because one of the witnesses thereto was beneficially interested under it, reasoning that the will's probation was "conclusive proof of its execution." In this case, the personal representative

has not challenged the execution of Anna Chandler's will.

3. The effective date of the Probate Code, 18–A M.R.S.A. §§ 1–101–9–404 (1998), is January 1, 1981. *See* 18–A M.R.S.A. § 8–401(a).

4. The personal representative has not argued that "the interest of justice" militates against an application of section 2–508 to this case.

tion of law a provision of a will are divorce and annulment. An attempted foreclosure is a "change of circumstances other than as described in this section" and thus cannot effect an implied revocation. 18–A M.R.S.A. § 2–508. Accordingly, we conclude that Anna Chandler's will discharged the Hadley mortgage debt upon her death.[5]

The entry is:

Judgment affirmed.

---

5. Because we conclude that Anna Chandler's will discharged the Hadley mortgage debt, we need not reach the Personal Representative's other assignments of error.