STATE OF MAINE                                          SUPERIOR COURT

Sagadahoc, ss.                                          (handwritten) -IMH-JAG-2/1/2010


JOHN P. ALLEN,

      Plaintiff

    v.                                          Civil Action Docket No. SAGSC-CV-08-60

ANDREWS B. CAMPBELL
      and
RICK WINLING

      Defendants

## DECISION AND ORDER

This matter comes before the court on the motions of Defendants Rick Winling and

Andrews B. Campbell for summary judgment filed on September 8, 2009 and September 30, 2009

respectively.[1]  Oral argument was held December 9, 2009.   Because both motions rest upon

similar facts and legal theories, the court addresses them together.

## BACKGROUND AND PROCEDURAL HISTORY

This case arises from the Defendants' previous representation of the Plaintiff, John P.

Allen, on criminal charges relating to a September 15, 2006 indictment.   Mr. Allen's claims may be

summarized as follows, all of which the Defendants have denied:

- Defendant Campbell took advantage of the Plaintiff, who was suffering from opiate

   withdrawal, by stealing his drugs and thousands of dollars in personal property, as well

   as by interfering with the prospective sale of his mother's real and personal property,

   resulting in severe financial loss.

---

[1] Also pending are the Plaintiff's motions for suppression of evidence and stay of proceedings, as well as
Plaintiff's request for transport to court by means of writ of habeas corpus to enable him to testify.

- Defendant Winling violated Maine Bar Rules by not reporting the above-mentioned unprofessional conduct of Defendant Campbell to the proper authorities.[2]

The Defendants' representation of Plaintiff ended in the fall of 2006. Shortly after, attorneys Campbell and Winling filed a civil action against Mr. Allen for libel and slander (the "defamation action"). They claimed that Mr. Allen had made defamatory statements accusing the them of unethical conduct, unreasonable fees, theft, and failure to comply with his demands in the course of their representation.

Mr. Allen did not file any counterclaims in the defamation action, which was settled not long after it was filed. On March 30, 2007, Mr. Allen signed a release of any claims or counterclaims against Mr. Campbell or Mr. Winling arising out of the 2006 defamation action. On April 18, 2007, the court entered a stipulated judgment in favor of Messrs. Campbell and Winling and against Mr. Allen in the defamation action.[3]

In November 2008, Plaintiff Allen filed this action. The Standard Scheduling Order issued December 26, 2008 set a deadline of March 26, 2009 to designate expert witnesses. Mr. Allen has neither designated any expert witnesses nor requested an extension of time to do so.

## DISCUSSION

### I. Standard of Review

Summary judgment is proper where there exist no genuine issues of material fact, such that the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *see also Levine v.*

---

[2] A review of the complaint and other filings by Plaintiff Allen indicates that the claim against Defendant Winling is limited to his failure "to report the illegal and unprofessional misconduct of defendant Campbell." (Complaint, ¶¶ 14, 19.) Mr. Allen's consolidated objection to the Defendants' motions for summary judgment asserts that his claims are primarily, if not entirely, against Mr. Campbell. (Pl.'s Consol. Obj. Defs.' M. Summ. J. at 7-9, 19.) Thus, the court concludes that the majority of Plaintiff Allen's claims are against Defendant Campbell, and the claims against Defendant Winling are limited to the claim that he failed to report Defendant Campbell's actions to the proper authorities.

[3] Mr. Allen has since filed a motion for relief from the judgment in the 2006 defamation litigation, which was denied. His appeal from the denial is evidently pending in the Law Court.

2

*R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653, 655. A genuine issue is raised "when sufficient evidence requires a fact-finder to choose between competing versions of the truth at trial." *Parrish v. Wright*, 2003 ME 90, ¶ 8, 828 A.2d 778, 781. A material fact is a fact that has "the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573, 575. "If material facts are disputed, the dispute must be resolved through fact-finding." *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18, 22.

A party wishing to avoid summary judgment on a claim must present a prima facie case for the claim or defense that is asserted. *Reliance National Indemnity v. Knowles Industrial Services*, 2005 ME 29, ¶ 9, 868 A.2d 220, 224-25. At this stage, the facts are reviewed "in the light most favorable to the nonmoving party." *Lightfoot v. Sch. Admin. Dist. No. 35*, 2003 ME 24, ¶ 6, 816 A.2d 63, 65.

## II. Res Judicata/Collateral Estoppel

Both Defendants' answers and motions raise the defense of res judicata and collateral estoppel by virtue of the judgment in their favor in the defamation action and the release signed by Mr. Allen.

The Law Court has recently summarized the rules regarding res judicata as follows:

> Res judicata has developed two separate components, issue preclusion and claim preclusion. Claim preclusion prevents relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action. Issue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding.

*Penkul v. Matarazzo*, 2009 ME 113, ¶7, 983 A.2d 375, 378-79 (internal citations, quotation marks and ellipses omitted).

The defamation complaint filed by Messrs. Campbell and Winling rests on a letter Mr. Allen sent to the Sagadahoc County Superior Court in September 2006, and statements Mr. Allen

allegedly made to York County Jail inmates and Tracy Lester that attorneys Campbell and Winling "stole" money from him.

Mr. Allen's September 2006 letter to the court says that Mr. Allen asked attorney Campbell to withdraw his representation because he did not follow instructions relating to funds held in trust; that Mr. Campbell took and cashed checks without approval or consultation and then kept the money for himself; and that Mr. Campbell billed Allen at an inflated rate.

The release that Mr. Allen signed in the defamation action states:

> **FOR VALUABLE CONSIDERATION** in the matter of *Andrews Campbell and Rick Winling v. John Allen* . . . , the undersigned does accept the same in full satisfaction and settlement of any and all claims/counterclaims and demands against **Andrews Campbell and Rick Winling** their employees, agents, heirs and assigns from any and all legal claims arising out of the suit and incidents contained therein in Docket No.: CV-06-363.[4]

(*See* Winling M. Summ. J.; Ex. C.) (emphasis in original).

Judgment in the defamation action was rendered by agreement in favor of attorneys Campbell and Winling in April 2007. The court considers the pleadings, release and judgment together in determining whether Allen's claims in the present case are barred by res judicata.[5]

The only claims in the present case that appear to have been directly involved in the 2006 defamation action are Mr. Allen's claims of theft against attorney Campbell and the claim that Mr. Winling failed to report the actions of attorney Campbell. Mr. Allen's claim that Mr. Campbell and Mr. Winling are liable for acts and omissions in connection with the sale of Mr. Allen's mother's property do not appear to have been involved, at least explicitly, in the defamation action. Nor is it clear that the reference in the release to "any and all legal claims arising out of the suit and incidents contained therein" encompasses the facts and circumstances relating to Mr.

---

[4] Based on the parties' dispute regarding the authenticity of the handwritten notations on the release, this Decision and Order ignores those notations entirely and focuses solely on the typed portion of the release, which is undisputed.

[5] Mr. Allen's contention that the 2006 defamation action did not result in a final judgment is obviously incorrect—the judgment plainly implements the parties' settlement agreement.

4

Allen's mother's property. Finally, it is not entirely clear when the claims relating to the mother's property arose or when the Defendant became aware of them. For all of these reasons, this part of the analysis—covering the Defendants' res judicata defense—focuses solely on Mr. Allen's theft claims against attorney Campbell and the claim that attorney Winling is liable for failing to report the alleged theft. Those claims are hereinafter referred to as the "theft-related claims."

Mr. Allen's theft-related claims are based on the same aggregate of operative facts as his accusations of theft that gave rise to the 2006 defamation action. In fact, the truth of those accusations would have been an affirmative defense in the defamation action. *See* Ramirez v. Rogers, 540 A.2d 475, 477 (Me. 1988). Thus, the very theft claims he asserts in this case against attorney Campbell and the failure to report claim against attorney Winling therefore would very likely have been deemed compulsory counterclaims in the defamation action.

"Under principles usually analogized to res judicata, a defendant who fails to interpose a compulsory counterclaim as required by Rule 13(a) is precluded from later maintaining another action on the claim after rendition of judgment." *Keybank Nat'l Ass'n v. Sargent*, 2000 ME 153, ¶17, 758 A.2d 528, 534 (quotation marks omitted). "When the second claim arises out of the same transaction as the first, previously-litigated claim, the second claim is barred by M.R. Civ. P. 13(a)(1)." *Id.* (quotation marks omitted). *See also Johnson v. Samson Constr. Corp.*, 1997 ME 220, ¶6, 704 A.2d 866, 868 (noting that a "prior judgment bars a later suit arising out of the same aggregate of operative facts even though the second suit relies on a legal theory not advanced in the first case, seeks different relief than that sought in the first case, and involves evidence different from the evidence relevant to the first case").

Because Mr. Allen's theft-related claims against attorneys Campbell and Winling not only might have been litigated but likely had to have been asserted in the defamation action, the doctrine of claim preclusion bars the assertion of those claims in this case.

5

An independent basis for the same conclusion is that the release itself bars Mr. Allen's theft-related claims against both Defendants because it extends to the "incidents" underlying the claims in the defamation action, and those "incidents" plainly encompass the theft-related claims now being asserted against the Defendants.

Yet another basis for the same conclusion is that the theft-related claims in this case are barred by collateral estoppel. *See Butler v. Mooers*, 2001 ME 56, ¶8, 771 A.2d 1034, 1037. The release and the final judgment mean that the factual issues Mr. Allen now seeks to litigate have actually been determined by consent in the defamation action.

For the foregoing reasons, the court concludes that Plaintiff John P. Allen is barred by res judicata from pursuing his claims of theft against attorney Campbell and the related claims of failure to report theft against attorney Winling.

## III.    Legal Malpractice: Failure to Designate an Expert Witness

As noted above, Mr. Allen's remaining claims appear to be that Defendant Campbell interfered with the sale of Mr. Allen's mother's real and personal property, and that Defendant Winling is liable for not reporting those actions and omissions of Mr. Campbell to the Maine Board of Overseers of the Bar. Defendants deny the factual underpinnings of his claim, but they also argue they are entitled to summary judgment because Mr. Allen needs expert evidence to prove liability as to both defendants, and has failed to designate any expert witness.

There is no doubt that Plaintiff Allen has not designated any expert witness, so the question becomes whether expert evidence is essential to proof of his claims, such that the absence of expert evidence entitles the Defendants to summary judgment based on his inability to make a prima facie showing of liability.

As Mr. Allen's attorneys, the Defendants were obliged to discharge their duties to the him and to execute the business he entrusted to them with a reasonable degree of care, skill and

6

dispatch, and they are liable for damage or loss caused by their fault or negligence. *See Burton v. Merrill*, 612 A.2d 862, 865 (Me. 1992). In an action for legal malpractice, a plaintiff must show that an attorney breached the duty "to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise," *Sohn v. Bernstein*, 279 A.2d 529, 532 (Me. 1971), and that the breach caused injury or loss to the plaintiff. *Johnson v. Carleton*, 2001 ME 12, ¶ 11, 765 A.2d 571, 575.

Expert testimony is required in a legal malpractice action to establish an attorney's breach of duty, except when the breach is so "obvious that it may be determined by the court as a matter of law, or is within the ordinary knowledge and experience of laymen." *Jim Mitchell and Jed Davis, P.A. v. Jackson*, 627 A.2d 1014, 1017 (Me. 1993).

Allen alleges that Defendant Winling violated the Maine Bar Rules and committed malpractice through his compliance and failure to report Campbell's actions to the proper authorities. However, expert testimony is required to demonstrate the professional reporting standards established by the Maine Bar Rules, and whether a particular attorney violated the Bar Rules by failing to report a particular matter. *See Pitt v. Frawley*, 1999 ME 5, ¶ 9, 722 A.2d 358, 360-61; *see also Mitchell, supra*, 627 A.2d at 1017 (holding that since the issue centered around "the attorneys' judgment and diligence, the trial court did not commit reversible error by requiring expert testimony"). Mr. Allen cannot prevail on his claim against attorney Winling without expert evidence establishing a duty to report by applying the Maine Bar Rules to the specific factual situation presented. Defendant Winling is entitled to summary judgment on the claim against him.

Allen's claim against Defendant Campbell centers on how he handled his mother's estate-namely the sale of her home. Essentially, Allen claims to have lost more than $50,000.00 in profits due to Campbell's interference with a prospective sale of the home. The court is satisfied that

the circumstances surrounding Plaintiff Allen's mother's estate do not render the alleged breach of duty so self-evident that it could be proved without expert testimony as to the standard of care, the existence of a breach, and the causal connection between any breach and any economic loss or injury. Lacking such expert testimony, Mr. Allen has not made a prima facie showing of liability for purposes of withstanding Defendant Campbell's motion for summary judgment.

For these reasons, the court concludes that Defendant Campbell is entitled to summary judgment on this aspect of the Plaintiff's complaint as well.

## IV.	Plaintiff's Motions

The only remaining question is whether the court should stay this action to await the Law Court's decision on Mr. Allen's appeal from the denial of his motion to set aside the 2007 consent judgment in the defamation action. This court has no particular reason to believe Mr. Allen's appeal will succeed. Like any appealing party, he has the burden to show that his appeal is meritorious. He was represented by counsel in the defamation action and in the settlement reflected in his release of claims and the stipulated judgment against him. Apart from the handwritten notations on the release, which have not figured in any way in this Decision and Order, the existence and import of the release and stipulated judgment are not at issue.

If his appeal is successful, then presumably he can and will move under M.R. Civ. P. 60(b) to set aside the judgment in this case, since the court's res judicata analysis depends on the fact that as of today the stipulated judgment in the defamation action is final.

Plaintiff Allen's motion to stay and motion to suppress or strike are denied, and his request for future writs of habeas corpus for purposes of transport to court is dismissed as moot.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED as follows:

1. Defendant Winling's motion for summary judgment is granted.

8

2. Defendant Campbell's motion for summary judgment is granted.

3. Plaintiff's pending motions are denied and dismissed as stated above.

4. Judgment on all claims shall be entered for the Defendants.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Decision and Order by reference in the docket.

Dated: Feb. 9, 2010

_____
A. M. Horton, Justice