STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-14-15


NATIONSTAR MORTGAGE LLC,

      Plaintiff

v.

STATE OF MAINE
Cumberland ss Clerk's Office
JUL 1 0 2015
RECEIVED

ORDER

ROBERT DEAKIN,

      Defendant


Before the court is plaintiff Nationstar Mortgage LLC's motion to dismiss without prejudice.

That motion is opposed by counsel for defendant Robert Deakin, who points out that

(1) Nationstar has admitted that it cannot prevail in this action because its notice of default and right to cure was defective under *Bank of America v. Greenleaf,* 2014 ME 89, 96 A.3d 700;

(2) this case was set for trial on May 6 and counsel for Nationstar appeared on that date – not to proceed to trial but to state that they would seek to dismiss without prejudice. The first notice received by counsel for defendant was at the May 6 hearing although counsel for Nationstar had left a telephonic message (which apparently was not received) the afternoon before; and

(3) Nationstar had previously filed a foreclosure action against Deakin based on the same claim, Docket No. RE-11-395 (Superior Ct. Cumberland), but had filed a voluntary notice of dismissal of that action.

In his opposition to the motion to dismiss, Deakin included a cross-motion for judgment on the pleadings.

If Nationstar were merely seeking a dismissal without prejudice to regroup and consider its options in light of *Greenleaf,* the court might be favorably inclined to grant its motion.

However, the second and third points made by Deakin are dispositive, particularly in combination.

Under Maine Rule of Civil Procedure 41(a) the filing of a second notice of dismissal by a plaintiff who has previously voluntarily dismissed the same claim operates as an adjudication on the merits. Although in this case Nationstar has filed a motion to dismiss without prejudice rather than a second notice of dismissal, it is still seeking a second voluntary dismissal. At least under the circumstances of this case, the court cannot see why Nationstar should be granted more favorable treatment than if it had filed a second notice of dismissal.

In addition, waiting until the day of trial to seek a dismissal without prejudice – where the opposing party did not receive notice before trial and was prepared to try the case – does not justify a dismissal without prejudice. *Greenleaf* was decided on July 3, 2014. It should not have taken Nationstar 10 months to discern that its notice of default and right to cure was defective under 14 M.R.S. § 6111. The court understands that there was an agreed continuance in January. However, the court cannot see any excuse for waiting until the afternoon before trial to attempt (apparently unsuccessfully) to contact opposing counsel and for waiting until the time of the scheduled hearing to announce that a dismissal without prejudice was being sought.

Accordingly, Nationstar's motion to dismiss without prejudice is denied. Ordinarily that would mean that the case would proceed to trial. However, given Nationstar's concession that it cannot prevail and Deakin's cross-motion for judgment on the pleadings based on the defective notice –which Nationstar did not oppose except by filing a reply memo on its motion to dismiss without prejudice – the court will enter judgment for Deakin.[1]

---

[1] In his opposition to the motion to dismiss without prejudice, Deakin seeks an order directing that Nationstar be precluded from recovering all interest that accrued during the pendency of this action and any associated charges that may have arisen during the pendency of this action. Given that the court has entered judgment for the defendant, the current status of Deakin's mortgage loan is unclear. It would

2

Counsel for defendant is also seeking attorneys fees pursuant to 14 M.R.S. § 6101. This is a case in which the mortgagee has not prevailed and in which attorneys fees would be appropriate under § 6101. Within the time frame set forth in Rule 54(b)(3) counsel for Deakin shall file an application for attorneys fees including the number of hours for which fees are sought, the legal work performed during those hours, the hourly rate sought, and appropriate justification for the hourly rate. Nationstar shall have 21 days in which to oppose Deakin's fee application.

The entry shall be:

Plaintiff's motion to dismiss without prejudice is denied. Defendant's cross-motion for judgment on the pleadings is granted and judgment is entered for defendant. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July 9, 2015

Thomas D. Warren
Justice, Superior Court

---

appear that, at a minimum, Nationstar probably cannot rely on any default that occurred prior to the date of this judgment. Moreover, there is one Law Court case that can be read to suggest that Nationstar's claims under the mortgage may be extinguished under res judicata. *Johnson v. Samson Construction Corp.*, 1997 ME 220, 704 A.2d 866. The court expresses no opinion as to any potential res judicata effect or as to the application of *Johnson v. Samson Construction* to this case. *Johnson v. Samson Construction* relied at least in part on two decisions from other jurisdictions, and the Supreme Court of Florida has since disapproved of the holding in one of those decisions. *Singleton v. Greymar Associates*, 882 So.2d 1004 (Fla. 2004), disapproving of the holding in *Stadler v. Cherry Hill Developers Inc.*, 150 So.2d 468 (Fla. App. 1963), and holding that successive foreclosure actions are not barred by res judicata. Given this uncertainty, the court will not attempt to decide whether and to what extent Nationstar should be precluded from any claim which it still may have for accrued interest.

3

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

JENAI CORMIER ESQ
DOONAN GRAVES LONGORIA LLC
100 CUMMINGS CENTER SUITE 225D
BEVERLY MA 01915

Plaintiff's Counsel

---

**CLERK OF COURTS**
Cumberland County
205 Newbury Street, Ground Floor
Portland, ME 04101

CHET RANDALL ESQ
MOLLEUR LAW OFFICE
419 ALFRED STREET
BIDDEFORD ME 04005

Defendant's Counsel