STATE OF MAINE                                    SUPERIOR COURT

Cumberland, ss.


NATIONSTAR MORTGAGE, LLC

                  Plaintiff

            v.                              Docket No. -PORSC-RE-2014-68

ISADOR FARASH


                  Defendant                 STATE OF MAINE
                                            Cumberland, ss, Clerk's Office
FLEET BANK OF MAINE,DANIEL B. FARASH
and LEANNE E. ROSS                          NOV 04 2015

            Parties-in-interest ·          RECEIVED

                        ORDER

This case is before the court in connection with the Partial Motion to Dismiss filed by Plaintiff Nationstar Mortgage, LLC, and Defendant Isador Farash's Objection thereto. Oral argument was held October 6, 2015. The Partial Motion seeks to dismiss Nationstar's complaint for foreclosure without prejudice. At oral argument, the court indicated that it might award the Defendant fees and costs incurred in defending the complaint. Nationstar's counsel asked for an opportunity to share the court's input with his client before the court ated on the Partial Motion. By letter dated October 14, 2015, Nationstar's counsel confirmed that Nationstar wishes to proceed as indicated in the Partial Motion.

The primary issue presented by the Partial Motion is whether the dismissal of Nationstar's foreclosure complaint should be with or without prejudice as to the underlying cause of action. The complaint alleges that Nationstar has exercised its right to accelerate and declare the entire principal amount of its loan to Defendant due and payable, which raises a question as to whether the dismissal of the foreclosure complaint, regardless of how

1

characterized, operates as a matter of law to bar a future action based on the same note and mortgage. *See Johnson v. Samson Constr. Corp.*, 1997 ME 220, ¶6, 704 A.2d 866, 868.

Contrary to the Defendant's position, the court sees no reason to resolve that question yet. The question will be squarely presented if and when Nationstar brings another foreclosure action, and it may be presented sooner, in the context of the Defendant's counterclaim, which remains pending. But it need not be answered now, in this Order. An order of dismissal that is silent as to whether it is with or without prejudice leaves open the question whether the *Johnson* case governs this case or is still good law in Maine. Were the Defendant inclined to resume making payments on the loan, the court would certainly consider declaring the dismissal to be with prejudice at least as to the same alleged events of default, meaning that Nationstar could not bring another foreclosure action unless there were an event of default hereafter. At oral argument, counsel for the Defendant advised that the Defendant is not making payments and will not be, so declaring the dismissal to be without prejudice as to the alleged event of default would be an irrelevant and unnecessary step.

Given that the counterclaim remains pending, the determination as to whether Defendant should be awarded attorney fees and costs can be deferred until after the counterclaim is resolved.

IT IS HEREBY ORDERED: Plaintiff's Motion for Partial Dismissal is hereby granted.

Pursuant to M.R. Civ. P. 79(a), the clerk is hereby directed to incorporate this order by reference in the docket.

Dated November 4, 2015

A. M. Horton
Justice, Superior Court

STATE OF MAINE
Cumberland, ss, Clerk's Office

NOV 04 2015

RECEIVED

2