STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss.                                     CIVIL ACTION
                                                    DOCKET NO. RE-16-155

FEDERAL NATIONAL MORTGAGE         )
ASSOCIATION,                      )
                                  )
            Plaintiff             )                 ORDER ON DEFENDANT'S
                                  )                 MOTION FOR SUMMARY
      v.                          )                 JUDGMENT
                                  )
BRIAN S. STURGIS,                 )
                                  )
            Defendant.            )

STATE OF MAINE
Cumberland, ss, Clerk's Office

JUL 19 2018
11:31 AM
RECEIVED

Before the Court is Defendant Brian Sturgis's ("Sturgis") motion for summary judgment.[1] This motion was filed pursuant to the Court's May 7, 2018 trial management conference Order directing Sturgis to file a motion regarding the applicability of M.R. Civ. P. 41 to this case. Having considered the filings of the parties, for the following reasons, the Court now denies Sturgis's motion.

I.    Background

The following facts are not in dispute. On August 31, 2005, Defendant Brian Sturgis executed a promissory note in favor of GMAC Mortgage Corporation ("GMAC") and executed a mortgage to GMAC on the same day. On August 20, 2008, Plaintiff Federal National Mortgage Association ("Fannie Mae"), as GMAC's purported successor-in-interest,[2] filed a foreclosure action against Sturgis alleging Sturgis defaulted on the loan on March 1, 2008 and the principal balance due was $217,351.70. Fannie Mae voluntarily dismissed that lawsuit pursuant to M.R. Civ. P. 41(a)(1)(i) on October 27, 2008. On June 1, 2009, Fannie Mae filed a second foreclosure action against Sturgis alleging Sturgis defaulted on January 1, 2009 and the principal balance due was $214,479.62. Sturgis signed a modification agreement offered by GMAC on September 25,

---

[1] Defendant's motion for judgment clarifies that it is brought pursuant to M.R. Civ. P. 56 because he asserts grounds for relief that rely on facts outside the pleadings.
[2] GMAC continued to service the loan after transfer.

1 of 7

Plaintiff-Ian Brown, Esq.
Defendant-Jonathan Selkowitz, Esq.

2009. On October 20, 2009, the second lawsuit was also voluntarily dismissed pursuant to Rule 41(a)(1)(i). On April 6, 2011, Fannie Mae filed a third foreclosure action against Sturgis. That action was dismissed by stipulation of the parties pursuant to M.R. Civ. P. 41(a)(1)(ii) on June 6, 2012. The current foreclosure action was filed on May 10, 2016.

## II.    Standard of Review

Summary judgment is appropriate if, based on the parties' statements of material facts and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the factfinder must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

If the movant's motion for summary judgment is properly supported, the burden then shifts to the non-movant to respond with specific facts indicating a genuine issue for trial in order to avoid summary judgment. M.R. Civ. P. 56(e). When a defendant moves for summary judgment, the plaintiff must respond with evidence establishing a prima facie case. *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897. The evidence proffered by the plaintiff "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating." *Estate of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 19, 60 A.3d 759. If a plaintiff fails to present sufficient evidence, then the defendant is entitled to a summary judgment. *Watt*, 2009 ME 47, ¶ 21, 969 A.2d 897.

## III.    Discussion

*A. The Two-Dismissal Rule*

Sturgis's motion is premised on the assertion that the filing and dismissal of the first two foreclosure lawsuits operates as a judgment on the merits, thereby barring the current claim as res judicata.[3] Rule 41(a)(1) states, in relevant part:

> [A]n action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs.... [A] notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this state ... an action based on or including the same claim.

Sturgis argues the dismissal of the second lawsuit operates as an adjudication on the merits and therefore bars Plaintiff from bringing a subsequent foreclosure action against him, citing *Johnson* and its progeny. *See Johnson v. Samson Constr. Corp.*, 1997 ME 220, ¶ 8, 704 A.2d 866 ("The court's dismissal with prejudice of the first action operated 'as an adjudication on the merits.' ... That judgment bars the complaint in this action which alleges precisely what the complaint in the first action alleged: that [Defendant] defaulted on the note and that [Plaintiff] is entitled to a judgment for the amount due under the note.").

Had there been no subsequent payments made on the loan or any modification of the loan, *Fannie Mae v. Deschaine*, which holds that the filing of a foreclosure lawsuit accelerates the mortgage debt and therefore bars subsequent foreclosure suits pursuant to the rule in *Johnson*, would likely compel a finding that the two-dismissals rule bars any future foreclosure action. *See Fannie Mae v. Deschaine*, 2017 ME 190, ¶¶ 26, 35-36, 170 A.3d 230. Indeed, the Law Court in *Pushard v. Bank of America* cites with approval an opinion of the Supreme Court of Ohio wherein, when presented with a Rule 41 question in the foreclosure context, the Court held a second voluntary dismissal bars all future foreclosure actions. *U.S. Bank Nat'l Ass'n v.*

---

[3] Because the third lawsuit was dismissed by stipulation of the parties, it is not relevant to this analysis.

*Gullotta*, 899 N.E.2d 987, 402 (Ohio 2008) ("[W]e hold that each missed payment under the promissory note and mortgage did not give rise to a new claim and that [the] two-dismissal rule does apply. Thus, res judicata barred [Plaintiff's] third complaint."); *see Pushard v. Bank of Am., N.A.*, 2017 ME 230, ¶ 22 n. 10, 175 A.3d 103. Yet, this passage of the Ohio Court's opinion is particularly relevant to the case under consideration:

> The significant facts here are that the underlying note and mortgage never changed, that upon the initial default, the bank accelerated the payments owed and demanded the same principal payment that it demanded in every complaint, that [Defendant] never made another payment after the initial default, and that [Plaintiff] never reinstated the loan.

*Gullotta*, 899 N.E.2d at 402-03.

The facts of this case do not comport with many of the conditions outlined in *Gullotta*. In particular, in this case, there is a fact question as to whether Sturgis cured the original default and reinstated the loan prior to the initiation of the second foreclosure lawsuit. Paragraph 19 of the mortgage states enforcement of the mortgage may be discontinued if, *inter alia*, the mortgagor "pay[s] to Lender the full amount that then would be due under this Security Instrument and the Note as if immediate payment in full had never been requested." (Pl.'s Compl. Ex. B ¶ 19). If Sturgis cured the default and reinstatement occurred in accordance with Paragraph 19, it is an open question of law in Maine as to whether the acceleration that occurred by filing the first lawsuit remained effective after reinstatement. The Law Court has recently indicated that it has not decided this issue: "[E]ven assuming a borrower's invocation of the right to reinstate renders acceleration ineffective, that did not occur in this case." *Deschaine*, 2017 ME 190, ¶ 29, 170 A.3d 230. If the loan was in fact reinstated, the second lawsuit was arguably not "based on or including the same claim" as the first lawsuit, thus negating the applicability of Rule 41. *See* M.R. Civ. P. 41(a)(1).

A strict interpretation of the holding of *Johnson* and its progeny might suggest that an acceleration cannot be revoked, as acceleration causes the merger of all future payments due on the loan, creating a single unified debt under an indivisible contract. *See Johnson*, 1997 ME 220, ¶ 8, 704 A.2d 866. The *Johnson* rule is intended to prevent the situation that is unfolding in this case: the bank filing a series of foreclosure actions until it eventually wins. *See Deschaine*, 2017 ME 190, ¶ 33, 170 A.3d 230. On the other hand, policy may counsel against a finding that an acceleration of the debt cannot be undone, as it would seem to discourage lenders from working with borrowers to reach amicable agreements after a foreclosure claim is filed, which also occurred in this case.

As noted, there is a fact question as to whether the default was cured and the loan reinstated following the first lawsuit. The second complaint demands roughly $3,000 less than the amount demanded in the first complaint, indicating that some payment was made on the loan between the filing of the two complaints. (*See* Def.'s Mot. Summ. J. Ex. 1 ¶ 8., Ex. 4 ¶ 9.) The second complaint also states that payments are due only from January 2009 through June 2009, and not from 2008. (Def.'s Mot. Summ. J. Ex. 4 ¶ 11.) Although not conclusive, this is sufficient to generate a material fact question as to whether Sturgis invoked his right to have enforcement of the mortgage discontinued as outlined in Paragraph 19 of the mortgage.

*B.  The Modification Agreement*

Even assuming the dismissal of the second lawsuit operates as an adjudication on the merits pursuant to Rule 41(a), the analysis is not complete. Fannie Mae contends Sturgis cured the default by entering into the modification agreement in October 2009, which brought the loan current and established a new principal balance of $177,363.45. (Pl.'s Opp'n to Def.'s Mot. Summ. J. 3.) In that event, even if the two-dismissal rule compels a finding that foreclosure on

the original mortgage is barred by res judicata, the modification arguably created a new agreement, a new set of operative facts, and therefore a new case.

There is at minimum an open question of law as to whether the modification agreement is sufficient to create a new claim, not barred by the possible res judicata effect of the first two dismissals. *See Gullotta*, 899 N.E.2d at 405 (reviewing Ohio cases in which successive foreclosure suits were not barred by res judicata because subsequent suits were different claims due to changes in the underlying agreement or reinstatement following default). A loan modification may cause the case to fail the transactional test for defining a cause of action for res judicata purposes. *See Johnson*, 1997 ME 220, ¶ 6, 704 A.2d 866 (quoting *Conn. Nat'l Bank v. Kendall*, 617 A.2d 544, 547 (Me. 1992)) ("A prior judgment bars a later suit arising out [of] the same aggregate of operative facts...."). It may be that the terms of the mortgage are operative facts that changed with the modification of the mortgage, and thus, the current claim involves operative facts that were not present in the first and second foreclosure lawsuits.

However, there is a fact question as to whether the modification agreement is valid and became effective. The language of the agreement states that it does not become effective until signed by the Lender, but the current record contains only a copy of the agreement signed by Sturgis and no other party. (*See* Def.'s Reply to Pl.'s Opp'n 6.) It is also unclear whether GMAC had the authority to make this agreement with Sturgis, as Fannie Mae contends it was the owner of the note and mortgage at the time the agreement was made. (*See id.*) This, too, is a genuine issue of material fact.

IV. Conclusion

In sum, it is not clear that the two-dismissal rule bars the current lawsuit. Even if the two-dismissal rule is applicable, the modification agreement may be sufficient to support the theory

that the current case involves different operative facts from the first two foreclosure actions and therefore is not barred by res judicata. However, determination of these legal issues requires resolution of questions of fact. There are unresolved fact questions as to whether Sturgis took the necessary steps to reinstate the loan following the filing of the first lawsuit and whether the modified agreement is valid and took effect. Because these are genuine issues of material fact, summary judgment is not appropriate at this time.

For the foregoing reasons, Defendant's motion for summary judgment is DENIED. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: _____7/19/18_____

_____
Lance E. Walker, Justice
Maine Superior Court

Entered on the Docket: 7/20/18
MCV