MAINE SUPREME JUDICIAL COURT                              Reporter of Decisions
Decision:      2016 ME 97
Docket:        Cum-15-525
Argued:        June 9, 2016
Decided:       July 5, 2016

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.

NATIONSTAR MORTGAGE, LLC

v.

TIMOTHY E. HALFACRE

PER CURIAM

[¶1]  Nationstar Mortgage, LLC, appeals from a summary judgment entered by the Superior Court (Cumberland County, *Wheeler, J.*), determining that Nationstar's foreclosure action against Timothy E. Halfacre was barred by the doctrine of res judicata.  The appeal comes to us in an uncommon posture, with Nationstar now asserting, after several shifts of position, that it lacked standing to bring the action, and that therefore the action should be dismissed without prejudice so that Nationstar, or perhaps another entity, can initiate a third foreclosure action against Halfacre.

[¶2]  Because Nationstar lacks standing to maintain this action, the summary judgment must be vacated and Nationstar's complaint must be dismissed.  We leave to the trial court the determination of whether a sanction should be imposed in this matter, pursuant to M.R. Civ. P. 11(a), for Nationstar's conduct in this case.

2

Likewise, we leave to the trial court the determination of any appropriate remedies or sanctions should Nationstar initiate another foreclosure or other action to collect on the unpaid debt.

[¶3]   The instant foreclosure action was Nationstar's second foreclosure action against Halfacre.  Nationstar's first foreclosure action, filed in 2012, went to trial in 2013.  Following the trial, the court (*Mills, J.*) found that Nationstar had failed to prove the elements of its foreclosure claim and entered judgment for Halfacre.  Nationstar did not appeal that judgment, electing instead to file a new foreclosure action against Halfacre, asserting the same foreclosure claims as had been decided after trial in 2013.

[¶4]  As a result of Nationstar's documentation errors and litigation choices, we again face a plaintiff in a foreclosure action that lacks standing to bring the action pursuant to 14 M.R.S. § 6321 (2014).[1]  *See generally Homeward Residential, Inc. v. Gregor*, 2015 ME 108, ¶¶ 13-20, 122 A.3d 947.[2]  In this case,

---

[1]   Title 14 M.R.S. § 6321 was amended after the instant action was commenced.  *See* P.L. 2015, ch. 229, § 1 (effective Oct. 15, 2015) (codified at 14 M.R.S. § 6321 (2015)).  The 2015 amendment amended section 6321 to require that, "[i]n order to state a claim for foreclosure upon which relief can be granted, the complaint must contain a certification of proof of ownership of the mortgage note." *Id.*

[2]  In *Homeward Residential, Inc. v. Gregor*, we vacated the judgment and remanded the matter for an entry of dismissal because the plaintiff lacked standing, given that the Federal National Mortgage Association had been assigned the mortgage in a prior, unrecorded assignment, of which all subsequent assignees had actual knowledge.  2015 ME 108, ¶¶ 21-22, 24, 122 A.3d 947.  In that case, the interest in the mortgage had been assigned or transferred at least eight times prior to trial.  *Id.* ¶ 5.  At trial, it was revealed that the named plaintiff, Homeward Residential, had been taken over by or merged into Ocwen Loan Servicing, LLC, which had not been made a party to the action.  *Id.* n.1 & ¶¶ 5, 9.  We also noted that, had the case been justiciable, Homeward Residential/Ocwen's sole witness at trial was unable to lay

Nationstar represented to the trial court that it had cured its lack of standing, and supported that representation with a quitclaim assignment that Nationstar had obtained from the original lender, Residential Mortgage Services, Inc. (RMS), in the course of the litigation. The appeal record, however, also includes a different quitclaim assignment that demonstrates that RMS had assigned all of its interest in the mortgage to the Federal National Mortgage Association (Fannie Mae) one day before RMS purported to assign the same interest to Nationstar.

[¶5] At oral argument, Nationstar conceded that it had actual knowledge of the Fannie Mae assignment and that the RMS assignment to Nationstar was not effective.[3] *See* 33 M.R.S. § 201 (2015); *Spickler v. Ginn*, 2012 ME 46, ¶ 12, 40 A.3d 999 ("[A] subsequent grantee obtains title to the property notwithstanding a prior conveyance *if* the subsequent grantee both (1) has *no actual notice of the first conveyance*, and . . . (2) recorded his deed before the first grantee recorded hers." (emphasis added)). Thus, Nationstar does not, in fact, have standing to foreclose on the mortgage. *See Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶¶ 9, 12-17, 96 A.3d 700.

---

a foundation for the admission of evidence related to the amount due on the loan, *id.* ¶ 14 n.11, which is a necessary element of proof, *see Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700. In *Gregor*, we discussed the problems the financial services industry has created for itself through the practice of securitization. 2015 ME 108, ¶¶ 13 & n.9, 14 & n.11, 122 A.3d 947. The instant case provides another example of those problems.

[3] Halfacre agreed at oral argument that Nationstar continues to lack standing in this matter.

[¶6] Because Nationstar lacked standing in the trial court, we must vacate the trial court's judgment. *See Gregor*, 2015 ME 108, ¶ 24, 122 A.3d 947 ("[The court cannot] decide the merits of the case when the plaintiff lack[s] standing pursuant to section 6321."). We recognize that the trial court apparently was not presented with the Fannie Mae quitclaim assignment, and therefore that the trial court had no reason to question the quitclaim assignment to Nationstar and the representations of counsel that Nationstar's assignment was effective. We remand the matter for entry of a dismissal. We do not decide today whether the trial court, pursuant to M.R. Civ. P. 11(a), may sanction Nationstar for its conduct in this case.

The entry is:

> Judgment vacated. Remanded to the trial court for an entry of dismissal.

---

**On the briefs:**

Paula-Lee Chambers, Esq., and Maura K. McKelvey, Esq., Hinshaw & Culbertson LLP, Boston, Massachusetts, for appellant Nationstar Mortgage, LLC

Frank D'Alessandro, Esq., Pine Tree Legal Assistance, Portland, for appellee Timothy E. Halfacre

**At oral argument:**

Maura K. McKelvey, Esq., for appellant Nationstar Mortgage, LLC

Frank D'Alessandro, Esq, for appellee Timothy E. Halfacre

Cumberland County Superior Court docket number RE-2014-47
FOR CLERK REFERENCE ONLY