STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-14-70

FEDERAL HOME LOAN
MORTGAGE CORPORATION,

STATE OF MAINE
Cumberland ss Clerk's Office

JUL 13 2016

RECEIVED

Plaintiff

v.

EDWARD HITCHCOCK, LINDA
HITCHCOCK, and CITIZENS
LENDING GROUP, INC.,

Defendants

and

TOWN AND COUNTRY FEDERAL
CREDIT UNION,

Party in Interest

**JUDGMENT OF
FORECLOSURE AND SALE**

Title to Real Estate Is Involved

88 Alba Street, Portland, Maine
Cumberland County Registry of
Deeds, Book 24480, Page 114

Before the court is plaintiff's post-trial brief in support of its proposed judgment of foreclosure. For the following reasons, judgment is entered in favor of plaintiff.

## I. FACTS

On September 29, 2006, Edward and Linda Hitchcock executed and delivered a note in the amount of $166,000.00 to Citizens Lending Group, Inc. (Citizens). The note was secured by a mortgage on real property located at 88 Alba Street in Portland. On October 23, 2013, Quicken Loans, Inc., plaintiff's servicer, sent the Hitchcocks a notice stating that the Hitchcocks were in default as of September 1, 2013. On January 2, 2014, Mortgage Electronic Registration Systems, Inc. (MERS), acting as nominee for Citizens, assigned the mortgage to Quicken Loans.

Quicken Loans sought a judgment of foreclosure by complaint filed February 27, 2014. The Hitchcocks were served in Auburndale, Florida on March 4, 2014, but have not answered

1

the complaint or otherwise appeared in this action. Trial was scheduled for September 3, 2014, however Quicken Loans moved to continue following the Law Court's decision in *Bank of Am. v. Greenleaf*, 2014 ME 89, 96 A.3d 700. On February 17, 2015, Quicken Loans amended its complaint, with leave of court. The amended complaint added one count of declaratory judgment against Citizens, which sought a judgment that Quicken Loans owned the mortgage and had standing to foreclose. The Hitchcocks were served with the amended complaint on April 9, 2015.

Quicken Loans filed a return of service for Citizens on May 4, 2015, which indicated that National Registered Agents, Inc. was served on behalf of Citizens on April 23, 2015. On May 28, 2015, Quicken Loans assigned the mortgage to plaintiff. On June 12, 2015, plaintiff was substituted as plaintiff in place of Quicken Loans. Plaintiff moved for a default judgment on the declaratory judgment count on November 12, 2015. Trial was held on December 3, 2015. Plaintiff filed a post-trial brief in support of its requests for declaratory judgment and a judgment of foreclosure on March 3, 2016.

Also on March 3, 2016, plaintiff filed a motion for enlargement of time to file a return of service for Citizens. Plaintiff asserted that, in September 2015, National Registered Agents had sent a letter stating that it was unable to receive documents on behalf of Citizens due to lack of a forwarding address. Because the letter was sent to the wrong address, plaintiff's attorney was unaware of the issue until February 2016. The court granted the motion on March 10, 2016. On May 23, 2016, plaintiff filed a return of service for Citizens, which showed that Citizens was served in hand on March 1, 2016. On June 14, 2016, plaintiff moved to dismiss the declaratory judgment count on the ground that Citizens had executed a quitclaim assignment, dated June 8, 2016, purporting to assign to plaintiff any interest it held in the mortgage.

2

## II. DISCUSSION

To obtain a judgment of foreclosure, the mortgagee must establish: the existence of a mortgage, including the property description and book and page number of its recording; proof of ownership of the note and mortgage, including all assignments and endorsements; a breach of condition in the mortgage; the amount due, including any reasonable attorney's fees and court costs; the order of priority and any amounts that may be due to other parties in interest; evidence of a properly served notice of default and the mortgagor's right to cure; proof of completed mediation; and, if the mortgagor has not appeared, a statement as to whether the mortgagor is in military service. *Chase Home Fin. LLC v. Higgins*, 2009 ME 136, ¶ 11, 985 A.2d 508.

### 1. Existence of Mortgage

Plaintiff has provided the mortgage, which contains a property description, street address, and book and page number of recording. (Pl.'s Ex. B.)

### 2. Ownership of Note

The mortgagee may certify proof of ownership of the note by establishing that it is in possession of the note, and the note is endorsed in blank. *Bank of Am. v. Cloutier*, 2013 ME 17, ¶ 18, 61 A.3d 1242. Plaintiff has provided the note and an allonge, which contains an endorsement from Citizens to Flagstar Bank, and an endorsement in blank from Flagstar.[1] (Pl.'s Ex. A.)

### 3. Ownership of Mortgage

When MERS acts solely as nominee, an assignment from MERS transfers only the right to record the mortgage as nominee. *Greenleaf*, 2014 ME 89, ¶¶ 16-17, 96 A.3d 700. The assignments in this case show that MERS, acting as nominee for Citizens, assigned the mortgage

---

[1] The note itself contains a separate endorsement to Flagstar, which is stamped with "NOTE ENDORSEMENT VOID." To the extent that the voided endorsement raises questions about the validity of the endorsements on the allonge, the quitclaim assignment, discussed below, resolves those questions in favor of plaintiff's ownership.

3

from Citizens to Quicken Loans. (Pl.'s Ex. C.) To remedy this issue, plaintiff has provided a quitclaim assignment from Citizens. (Ex. A to Mot. Dismiss.) The Law Court has indicated that a quitclaim assignment from the original lender to the plaintiff is sufficient to establish the plaintiff's ownership of the mortgage. *See Nationstar Mortg., LLC v. Halfacre*, 2016 ME 97, ¶ 6, __ A.3d __ ("We recognize that the trial court apparently was not presented with the Fannie Mae quitclaim assignment, and therefore that the trial court had no reason to question the quitclaim assignment to Nationstar and the representations of counsel that Nationstar's assignment was effective."). Plaintiff therefore has standing and is entitled to a judgment of foreclosure if it can establish the remaining elements. *See Greenleaf*, 2014 ME 89, ¶ 9, 96 A.3d 700.

### 4. Breach

At trial, plaintiff moved to admit records of the Hitchcock's payment history with Quicken Loans. (Pl.'s Ex. E.) To establish the records' admissibility, plaintiff offered the testimony of Kristin Wykowski, an employee of Quicken Loans. Ms. Wykowski's testimony established that: (1) the records were made at or near the time by someone with knowledge; (2) the records were kept in the course of Quicken Loans's regularly conducted activities; (3) making the records was a regular practice of those activities; (4) Ms. Wykowski was the custodian of the records; and (5) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness. M.R. Evid. 803(6); *see HSBC Mortg. Servs. v. Murphy*, 2011 ME 59, ¶ 10, 19 A.3d 815. The payment history records are therefore admitted. The records and testimony at trial establish that the Hitchcocks failed to make the September 1, 2013 payment and have not made any payments since that time.

4

5. Amount Due

The payment history records and testimony at trial also establish that, as of December 3, 2015, the total amount due under the note and mortgage was $185,498.85. (Pl.'s Ex. E.) Plaintiff's attorney's affidavit of attorney's fees and costs shows that, as of December 1, 2015, plaintiff has incurred $6,990.00 in attorney's fees and $1,375.76 in costs. (Pl.'s Ex. G.) These amounts are supported by itemized lists. *See HSBC Bank USA, N.A. v. Gabay*, 2011 ME 101, ¶ 27, 28 A.3d 1158.

6. Priority of Parties in Interest

On August 20, 2014, the court granted Town and Country Federal Credit Union's motion to file an affidavit in lieu of appearing at trial. Town and Country submitted the affidavit of Jessica Schneckloth, a Collections Manager at Town and Country. Ms. Schneckloth's affidavit and the accompanying note establish that, on September 10, 2007, the Hitchcocks executed and delivered to Town and Country an Open-End Home Equity Credit Agreement and Truth in Lending Disclosure in a maximum credit limit amount of $32,300.00. The note was secured by a mortgage on 88 Alba Street, the same property at issue in this action.

7. Notice of Default

At trial, plaintiff also moved to admit the notice of default sent by Quicken Loans to the Hitchcocks. (Pl.'s Ex. D.) Ms. Wykowski's testimony at trial satisfied the elements of M.R. Evid. 803(6) with respect to the notice, and the notice is therefore admitted. The notice complies with 14 M.R.S. § 6111 because it contains the information required under section 1-A, was sent via certified mail, and was received by the Hitchcocks on October 29, 2013, more than 35 days before Quicken Loans commenced this action. 14 M.R.S. §§ 6111(1), (1-A), (3) (2015).

5

8. Mediation

Proof of mediation is not required because the Hitchcocks have not appeared in this action. *See* M.R. Civ. P. 93(c)(3) ("The court will schedule a mediation session for each foreclosure action filed against a defendant who is an owner-occupant and who appears, answers, or otherwise requests mediation in the action within 20 days after service of the summons and complaint and attends an informational session."); *see also* 14 M.R.S. § 6321-A(6) (2015).

9. Military Service

When the defendant has not appeared, the mortgagee must provide a statement, with a supporting affidavit, of whether or not the defendant is in military service in accordance with the Servicemembers Civil Relief Act. *See* 50 U.S.C. § 3931 (2012). Plaintiff has provided a statement and affidavit for both Edward Hitchcock and Linda Hitchcock, which show that neither is in military service. (Pl.'s Ex. F.)

## III. CONCLUSION

The court hereby finds the following:

1. The names and addresses of all parties and their counsel of record are:

Federal Home Loan Mortgage Corp.
c/o Bendett & McHugh, P.C.
30 Danforth Street, Suite 104
Portland, ME 04101

Edward Hitchcock
Linda Hitchcock
45 Leisure Drive
Auburndale, FL 33823

Citizens Lending Group, Inc.
8422 Bellona Lane, Suite 102
Townson, MD 21204

Town and Country Federal Credit Union
c/o Daniel L. Cummings, Esq.

6

Norman, Hanson & DeTroy, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112

2. All parties received notice of the proceedings in this action, and the notice was given in accordance with the applicable provisions of the Maine Rules of Civil Procedure.

3. Plaintiff is the owner of a certain note and mortgage dated September 29, 2006 and recorded in the Cumberland County Registry of Deeds in Book 24480 at Page 114. Reference is made to the mortgage for a more particular description of the real estate located at 88 Alba Street.

4. The Hitchcocks are in breach of the terms of the note and mortgage, the breach constitutes a default, and the Hitchcocks received proper notice of the default.

5. Plaintiff is owed the following:

   a. Principal balance: $150,559.95
   b. Accrued interest through December 3, 2015: $22,888.46
   c. Escrow advances: $9,302.23
   d. Pre-acceleration late charges: $52.46
   e. Property inspections: $397.00
   f. Property preservation: $2,298.75
   g. Attorney's fees through December 1, 2015: $6,990.00
   h. Costs through December 1, 2015: $1,375.76

   SUBTOTAL: $193,864.61

6. The order of priority and the amount of the claim of each party is:

   a. Plaintiff in the amount of $193,864.61 plus accrued interest from and including December 4, 2015 at the rate of 6.5% per annum $26.81 per day to the date of judgment plus interest after judgment, pursuant to 14 M.R.S. § 1602-C, at a rate of 6.5% per annum, plus the attorney's fees and costs set forth in paragraph 5 above. Plaintiff is entitled to add reasonable post-judgment attorney's fees and costs in connection with the foreclosure.

   b. Town and Country Federal Credit Union by virtue of a mortgage dated September 10, 2007 and recorded in the Cumberland County Registry of Deeds in Book 25531 at Page 116 in the amount of $28,385.56, plus interest in the amount of $404.65 through August

7

8, 2014, with additional interest accruing at a rate of $3.11 per day, and late fees in the amount of $30.00.

   c. Clerk of Court in the amount of any excess proceeds from the sale, pursuant to 14 M.R.S. § 6324.

The court hereby orders the following:

1. COUNT I of plaintiff's amended complaint is DISMISSED, and Citizens Lending Group, Inc. is DISMISSED as a defendant. Judgment is entered in favor of PLAINTIFF and against defendants Edward Hitchcock and Linda Hitchcock on COUNT II of plaintiff's amended complaint.

2. If the Hitchcocks or their successors, heirs, and assigns do not pay the sum of $193,864.61 with interest to plaintiff within 90 days of the date of this order, plaintiff shall proceed with a sale of the property described in the mortgage, pursuant to 14 M.R.S. §§ 6321-6324. If the Hitchcocks or their successors, heirs, and assigns pay the sum of $193,864.61 with interest to plaintiff within 90 days of the date of this order, plaintiff shall discharge the mortgage and file a dismissal of this action with the clerk of court.

Pursuant to M.R. Civ. P. 79(a), the clerk is directed to incorporate this Order by reference in the docket.

Dated: July 13, 2016

entered: 7.15.16

Roland A. Cole
Chief Justice, Superior Court

**CERTIFICATION OF CLERK**

Pursuant to 14 M.R.S. § 2401(3)(F), it is hereby certified that no notice of appeal of the Judgment of Foreclosure and Sale in this matter was filed with the Clerk of Court within the appeal period following the entry of judgment.

Dated: _____

_____
Clerk of Court

8