STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-15-041

WILMINGTON SAVINGS
FUND SOCIETY, FSB,
AS TRUSTEE FOR STANWICH
MORTGAGE LOAN TRUST A,

Plaintiff

v.

KATHLEEN M. JOYCE,

Defendant

STATE OF MAINE
Cumberland ss Clerk's Office

Aug ⸬ ⸬ 2016

RECEIVED

DECISION AND ORDER

This complaint for foreclosure was scheduled for trial on July 18, 2016 by notice from the court dated June 15, 2016. Both parties were represented by counsel.

This is the second action for foreclosure filed against this defendant involving the real property located at 45 Winn Road, Falmouth, Maine. The first action was dismissed without prejudice one day before trial based on then plaintiff's counsel's representation that

> On or about October 2, 2013, Plaintiff instructed its undersigned counsel to dismiss the above-captioned action [Bank of America, N.A. v. Kathleen M. Joyce] as the loan that is the subject of the case at bar is on a HOLD in accordance with provisions of settlement with the Department of Justice and Plaintiff cannot move any closer to foreclosure at this time.

(Pl.'s Mot. Dismiss in RE-12-098.) Defendant's counsel stated at the July 2016 trial that he is familiar with all of the Bank of America settlement agreements and this offered basis for a dismissal was not accurate.

By the time of the July 2016 trial, four entities had been involved with the note and mortgage at issue in this case: Bank of America, Ocwen, BSI, and Kerrington Mortgage Services, LLC. At trial, plaintiff's counsel was unable to establish that the one

1

witness whose testimony plaintiff intended to offer at trial was qualified to testify about the business records of the four entities involved. M.R. Evid. 803(6); see Homeward Residential, Inc. v. Gregor, 2015 ME 108, ¶ 14 & n.11, 122 A.3d 947; Beneficial Maine v. Carter, 2011 ME 77, ¶ 16, 25 A.3d 96. As a result, plaintiff moved to dismiss the complaint without prejudice. Defendant objected and requested that the court dismiss the complaint with prejudice based on the history of defendant's note and mortgage and the fact that plaintiff was unprepared to prove its case at trial.

This is not a lack of standing case that requires a dismissal without prejudice. See Nationstar Mortg., LLC v. Halfacre, 2016 ME 97, ¶ 6, _ A.3d _. This is a case in which plaintiff was unable to prove its case at trial. Under these circumstances, a dismissal without prejudice is not appropriate.

The entry is

> Plaintiff Wilmington Savings Fund Society, FSB, as Trustee for Stanwich Mortgage Loan Trust A's Complaint against Kathleen M. Joyce is DISMISSED with Prejudice.

Date: August 1, 2016

Nancy Mills
Justice, Superior Court

2