STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, SS.                          LOCATION: PORTLAND
                                         Docket No. RE-14-47

NATIONSTAR MORTGAGE, LLC,        )
                                 )
            Plaintiff,           )              **ORDER**
                                 )
      v.                         )
                                 )
TIMOTHY E. HALFACRE,             )
                                 )
            Defendant.           )

STATE OF MAINE
Cumberland ss Clerk's Office
JAN 23 2017
RECEIVED

Defendant Timothy E. Halfacre moves for sanctions against Plaintiff Nationstar Mortgage, LLC, in the form of a dismissal with prejudice and award of attorney fees. Defendant's motion is before the court following the issuance of *Nationstar Mortgage, LLC v. Halfacre*, in which the Law Court vacated this court's entry of summary judgment determining Plaintiff's claims were barred by res judicata, and remanded the matter for entry of dismissal because Plaintiff lacked standing. 2016 ME 97, ¶¶ 1, 6, 143 A.3d 136. Plaintiff was found to lack standing because its counsel conceded at oral argument that it had actual knowledge of an earlier assignment from the original lender to Fannie Mae that was issued before the recorded assignment to Plaintiff. *Id.* ¶ 5. The Law Court noted that, after several shifts of position, Plaintiff requested the action be dismissed without prejudice for a lack of standing so that it, or perhaps another entity, could initiate a third foreclosure action against Defendant. *Id.* ¶ 1. The Law Court further noted that it did not decide whether the present court could sanction Plaintiff for its conduct in this case pursuant to M.R. Civ. P. 11(a). *Id.* ¶ 6.

Plaintiff-Jonathan Flagg, Esq.
 & Paula Lee Chambers, Esq.
Defendant-Frank D'Alessandro, Esq.
PII State-Kevin Crosman, AAG

1

In opposition to Defendant's motion for sanctions, Plaintiff's counsel, Attorney Flagg, filed an affidavit in which he asserts that the inclusion of the Fannie Mae assignment in the appellate record was an unintentional, and meaningless error, by Plaintiff's appellate counsel. Attorney Flagg asserts that he asked the original lender to execute two quitclaim assignments, one to Fannie Mae and one to Plaintiff, to allow him time to figure out the proper course of action. Attorney Flagg claims that he determined the quitclaim assignment to Nationstar should be utilized and considers the assignment to Fannie Mae, which was never recorded, a meaningless nullity.

Regardless of the veracity of Attorney Flagg's contentions, Plaintiff and its counsel have demonstrated a continued lack of regard for and respect of the judicial process. This course of conduct has not only wasted valuable judicial resources, but subjected the Defendant to two foreclosure lawsuits and the threat of a third. While the court does not issue sanctions lightly, they are warranted in the present case. Accordingly, the court orders that Plaintiff is subject to the following sanctions pursuant to the court's inherent power and M.R. Civ. P. 11:

1) Plaintiff Nationstar Mortgage, LLC's Complaint is dismissed with prejudice; and

2) Plaintiff shall pay Defendant Timothy E. Halfacrehis reasonable attorney fees from the present action.

Within 30 days of the date of this order, Defendant's attorney shall file an affidavit of attorney fees and costs incurred in defending the present case. In the affidavit, Defendant's attorney shall address the factors specified in *Gould v. A-1 Auto, Inc.*, 2008 ME 65, ¶ 13, 945 A.2d 1225 and shall include the language required by M.R. Civ. P. 7(b)(1)(A).

2

Pursuant to M.R. Civ. P. 79(a), the Clerk is directed to incorporate this Order by reference in the docket.

Dated: January 23, 2017

Joyce Wheeler
**Justice, Maine Superior Court**

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-14-47

NATIONSTAR MORTGAGE, LLC,

    Plaintiff

    v.

TIMOTHY E. HALFACRE,

    Defendant

ORDER ON MOTION
FOR SUMMARY
JUDGMENT


STATE OF MAINE
Cumberland __ Clerk's Office

MAR 25 2015

RECEIVED

Before the court is the defendant's motion for summary judgment. Defendant argues that plaintiff's suit is barred under the doctrine of res judicata. For the following reasons, the defendant's motion is granted.

## Facts

This is plaintiff's second complaint for foreclosure filed against defendant concerning the same property, note, and mortgage. (Def.'s Supp. S.M.F. ¶¶ 1-3, 7-8.) In the first case, plaintiff exercised its right to accelerate the entire amount due under the note. (Def.'s Supp. S.M.F. ¶ 4.) After a bench trial, the court granted judgment for the defendant, which became final because plaintiff declined to appeal. (Def.'s Supp. S.M.F. ¶¶ 5-6.)

In that decision, the court found that the plaintiff "failed to establish the foundation necessary to accord any weight to testimony of Hollis Brownlee, the plaintiff's representative, or the plaintiff's exhibits." (Def.'s Ex. B, at 5.)[1] Accordingly, the court concluded that the plaintiff "failed to prove by a preponderance of the evidence that it is entitled to judgment." (Id.)

---

1 Defendant's Exhibit B is a copy of the judgment in *Nationstar Mortgage, LLC v. Halfacre,* CUMSC-RE-2012-102 (Me. Super. Ct., Cum. Cnty., May 10, 2013).

## Discussion

### Standard of Review

"Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Dussault v. RRE Coach Lantern Holdings, LLC*, 2014 ME 8, ¶ 12, 86 A.3d 52 (quoting *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646). "A material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." *McIlroy v. Gibson's Apple Orchard*, 2012 ME 59, ¶ 7, 43 A.3d 948 (quoting *N. E. Ins. Co. v. Young*, 2011 ME 89, ¶ 17, 26 A.3d 794). "Even when one party's version of the facts appears more credible and persuasive to the court, any genuine factual dispute must be resolved through fact-finding, regardless of the nonmoving party's likelihood of success." *Lewis v. Concord Gen. Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. If facts are undisputed but nevertheless capable of supporting conflicting, plausible inferences, "the choice between those inferences is not for the court on summary judgment." *Id.*

### Claim Preclusion

Res judicata has two distinct components: issue preclusion and claim preclusion. *Kurtz & Perry, P.A. v. Emerson*, 2010 ME 107, ¶ 16, 8 A.3d 677. "Claim preclusion bars the relitigation of claims if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been, litigated in the first action." *In re Estate of Weatherbee*, 2014 ME 73, ¶ 12, 93 A.3d 248. All three criteria are satisfied in this case.

2

The first element is satisfied because the parties are identical. (Def.'s Supp. S.M.F. ¶ 1.) The second element is satisfied because a valid final judgment was entered in favor of the defendant. (Def.'s Supp. S.M.F. ¶ 5.) The third element is satisfied because plaintiff accelerated the note, as it was entitled to do, in the previous action. (Def's Supp. S.M.F. ¶ 4.) Thus, the prior foreclosure case was an action on the entire debt due under the note. *See Johnson v. Samson Constr. Corp.*, 1997 ME 220, ¶ 8, 704 A.2d 866 ("Once Johnson triggered the acceleration clause of the note and the entire debt became due, the contract became indivisible."). This action is based on the same debt. (Def.'s Supp. S.M.F. ¶¶ 7-8.)

Plaintiff makes three arguments as to why the court should not grant defendant's motion. The court will address these arguments individually.

*Plaintiff's Notice Argument*

Plaintiff first argues that its prior foreclosure suit failed for defective notice under 14 M.R.S. § 6111. Even if this were true, claim preclusion would still bar plaintiff's claim because compliance with 14 M.R.S. § 6111 is simply one element of proof in a foreclosure action. *Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700. In fact, however, the court concluded that plaintiff failed to prove by a preponderance of the evidence that it was entitled to foreclose. (Def.'s Ex. B, at 5.) The court found that plaintiff failed to lay a proper foundation for the court to consider plaintiff's business records and, because it could not consider those records, plaintiff could not prove its case. (*Id.* at 5-6.) The court expressed some concern regarding the notice of default, but that "concern" was not the basis for the court's decision. (*Id.* at 6-7.)

Plaintiff's reliance on *Wells Fargo Home Mortgage, Inc. v. Spaulding* is misplaced. 2007 ME 116, 930 A.2d 1025. Claim preclusion was not before the Law

3

Court in *Spaulding*. *Id.* ¶ 1. Plaintiff cites to a portion of the opinion which quotes the lower court's discussion rejecting a foreclosure defendant's res judicata argument. *Id.* ¶ 7. The lower court rejected the res judicata argument only because the prior judgment expressly held that the debt was collectible once plaintiff cured the notice defect. *Id.* There is no similar finding in this case.

*Plaintiff's Standing Argument*

Plaintiff next argues that, because the assignments of the mortgage in the prior foreclosure case were not valid, plaintiff lacked standing to foreclose in the earlier case and there is therefore no valid final judgment barring the present case. Plaintiff has not filed a Rule 60(b)(4) motion to void the judgment in the prior case. M.R. Civ. P. 60(b)(4). Accordingly, the court will not allow plaintiff to attack that judgment in this case. The court's prior decision remains a valid judgment until voided.

*Plaintiff's Equity Argument*

Plaintiff argues that equity favors allowing it to bring this case because otherwise defendant will receive a free house. In *Johnson*, the court dealt with a similar "windfall" argument in a footnote:

> Johnson argues that if the dismissal with prejudice of his first suit bars a subsequent action on the note, Samson will receive a windfall. Such a windfall may occur in any case in which a party defaults on a procedural obligation.

*Johnson*, 1997 ME 220 ¶ 8 n.1, 704 A.2d 866. The only inequity lurking in this case is the prospect of allowing plaintiff to benefit from its own incompetence. Plaintiff filed a foreclosure action, took the case to trial, and lost. Equity does not require the court to give plaintiff another chance. Even in the prior foreclosure case, the court explicitly found that plaintiff sent defendant mixed messages

4

regarding the loan modification, while the Halfacres "did their best to cooperate with the various entities involved with the loan." (Def.'s Ex. B, at 7-8.) The court found that equity favored the defendant not the plaintiff in that case, and plaintiff offers no reason as to why the court should come to a different result in this case.

The entry is:

Defendant's motion for summary judgment is GRANTED.

Defendant's counterclaims are still pending.

Dated: 3|24|15

_____
Joyce A. Wheeler
Justice, Superior Court

Plaintiff-Jonathan Flagg Esq
Defendant-Frank D'Alessandro Esq

5

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-14-47

NATIONSTAR MORTGAGE, LLC,

    Plaintiff

    v.

TIMOTHY E. HALFACRE,

    Defendant

ORDER ON MOTION
TO DISMISS

STATE OF MAINE
Cumberland ss. Clerk's Office

MAR 25 2015

RECEIVED

Before the court is the plaintiff's motion to dismiss without prejudice.[1] Plaintiff asks the court to dismiss the complaint because it has discovered that its notice to cure is defective under 14 M.R.S. § 6111 as interpreted by the Law Court in the decision *Bank of America, N.A. v. Greenleaf*, 2014 ME 89, 96 A.3d 700. Defendant opposes the motion and asks the court to rule on his pending motion for summary judgment. For the following reasons, the motion to dismiss is denied. The court addresses defendant's motion for summary judgment in a separate order.

## Background

This is the third foreclosure case filed against the defendant over the same property. In the first case, *Suntrust Mortgage, Inc v. Halfacre*, RE-09-134, plaintiff dismissed the complaint without prejudice after the parties entered into a loan modification agreement. In the second case, *Nationstar Mortgage, LLC v. Halfacre*, RE-12-02, judgment was entered in favor of defendant after trial.

---

[1] Plaintiff's motion states that it is filed under M.R. Civ. P. 41(a)(1), however, because there is a pending motion for summary judgment in this case, plaintiff's case may only be dismissed by order of the court under M.R. Civ. P. 41(a)(2).

This case was filed on January 9, 2014 and includes the same parties, allegations, and documents that were involved in the 2012 case. Defendant counterclaimed, asserting violations of the Unfair Trade Practices Act, Maine's Fair Debt Collections Act, and the Fair Debt Reporting Act. Defendant moved for summary judgment on June 11, 2014, arguing res judicata in light of the judgment in the 2012 case. The motion was fully briefed by the parties as of July 2014.

In October 2014, the court issued an order giving plaintiff sixty days to substitute the real party in interest because it appeared that plaintiff did not own the mortgage due to a defective assignment. Plaintiff filed the motion to dismiss and a motion to amend its complaint, which reflected a new assignment of the mortgage to plaintiff. The court granted plaintiff's motion to amend the complaint, which was not opposed.

## Discussion

Plaintiff's complaint may only be dismissed by order of the court because defendant has filed an answer and a motion for summary judgment and defendant objects to dismissal. M.R. Civ. P. 41(a). Under M.R. Civ. P. 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Federal courts interpreting the nearly identical federal rule have found the following factors relevant in deciding whether to allow voluntary dismissal:

> 1) the defendant's effort and expense of preparation for trial; 2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; 3) insufficient explanation for the need to take a dismissal; 4) the fact that a motion is made at a critical juncture in the ongoing processing of the case; and, 5) whether a dispositive motion has been filed.

2

*Canadian Nat'l Ry. Co. v. Montreal, Me. & Atl. Ry., Inc.*, 275 F.R.D. 38, 41 (D. Me. 2011).

After carefully weighing these factors, the court concludes that dismissal without prejudice is not warranted. Defendant has already incurred substantial costs defending a nearly identical foreclosure suit, which went to trial. Allowing plaintiff to start over at this point would add additional time and expense to what has already been a lengthy course of litigation. Another factor weighing against plaintiff is that defendant has filed and fully briefed a motion for summary judgment. Defendant would likely file an identical motion in a new case if plaintiff were allowed to dismiss and file a new complaint. Finally, the *Greenleaf* decision, which is the purported basis for plaintiff's motion, was decided six months before plaintiff filed its motion. Plaintiff could have filed earlier, thereby saving defendant from incurring additional legal costs and prolonging the uncertainty over the status of the property.

The entry is:

Plaintiff's motion to dismiss is DENIED.

Dated: 3\24\15

Joyce A. Wheeler
Justice, Superior Court

3